THE STATE, TO THE USE OF MOUTREY'S ADM'RS, Plaintiff in Error, *vs.* MUIR & RITTER, Defendants in Error.

1. In an action against the securities in a constable's bond, for the failure of an acting deputy to pay over money collected under execution during the constable's term of office, it is no defence that the principal had forfeited his office by removal from the state.
2. The securities in a constable's bond are liable for the delinquencies of a deputy acting with the consent of their principal, although the deputy's appointment is not filed as required by law.

### Error to Jackson Circuit Court.

This was an action against the securities in a constable's bond, for failure to return an execution and pay over money collected under it. The bond was conditioned that Presley Muir should "serve all process to him directed and delivered, pay over all moneys by him collected, and in all other respects well and truly do and perform, all and singular, the duties that now are or may be enjoined upon him by law to do and perform as constable of Kaw township."

The cause was tried by the court without a jury, and the following facts found:

Muir was in August, 1850, elected constable of Kaw township for the term of two years, and entered into bond, with the defendants as sureties. During a portion of the year 1851, and up to August, 1852, Ross acted as the deputy of Muir, and was by Muir recognized as such, but no written appointment was filed in the office of the clerk of the county court, as required by law, nor did it appear that there was any written appointment. In April, 1852, the beneficiary plaintiffs recovered a judgment before a justice of the peace in Kaw township. On the 20th of April, 1852, execution upon said judg-

ment, directed to the constable of Kaw township, returnable in sixty days, was issued and placed in the hands of Ross, the deputy. Ross collected the money under the execution, but failed to pay it over, or to return the execution. In July, 1851, Presley Muir removed with his family to Wyandott, in Nebraska territory, and had since continued to reside out of the state of Missouri.

Upon these facts, the Circuit Court declared that the defendants were not liable. The plaintiffs moved for a review of the law and facts, but their motion was overruled, and they appealed to this court.

*Smart* and *Sheley*, for plaintiff in error. 1. It is sufficient to prove that sheriffs, constables and other peace officers acted as such to render them liable. (*People* v. *Collins*, 7 Johns. 549. *Potter* v. *Luther*, 3 Johns. 431. *Hart* v. *Robinett*, 5 Mo. Rep. 11. 9 Wend. 17. 3 Scammon, 483. 4 T. R. 366. 1 Pick. 273.)

*J. B. Hovey*, for defendant in error. 1. By the removal of Muir from the state, his office as constable became vacant, and the defendants were not liable for any subsequent acts of his deputy. (R. C. 1845, tit. Constables, secs. 1 and 10.) 2. Muir never had a deputy within the meaning of the law. (Same act, sec. 7.)

SCOTT, Judge, delivered the opinion of the court.

1. The plaintiff moved for a review of the finding of the court below, but we do not deem it necessary to revise the action of the court in that matter; for taking the facts as found, the judgment for the defendants was not warranted by law.

If the principal in the bond would be liable for the act of the deputy, the rule is not perceived on which the sureties would be discharged. The surety in an obligation is bound to the same extent thereby as the principal. If this was a proceeding against the constable for unlawfully exercising his office, or if the constable was plaintiff, asserting his right to the office, very different considerations would arise from those which must de-

termine this cause. There is no dispute but that the act complained of was done during the term for which the principal was elected, and for which the securities were bound. The defence set up is, that the principal, by his acts, had deprived himself of his office. Not that he had resigned, and his resignation had been accepted, but by his improper conduct, in becoming a non-resident, he had forfeited or vacated his office. Would it not be a monstrous defence for an officer to make, when called upon for money which he had collected by virtue of his office, to say that he had forfeited his office before the money was received, and therefore he had no right to receive it. When an officer is sued for malfeasance in office, it is enough to show that he is an officer *de facto ;* his not being so *de jure* also, is not an objection that can be made available to defeat or in any way affect the interests of third persons. (Cowen's Notes, 555.) We have said that, if the law holds the officer liable, there is no principle on which his sureties can be discharged. If men will go sureties for others, they cannot complain if they are made responsible for their acts. There is no hardship in this ; the sureties might at any time, under the statute, have discharged themselves. The statute itself contemplates a case in which six months' absence from the state by the principal does not release the sureties. (R. C. 1845, tit. Securities, sec. 14.)

2. The provision in the statute requiring the appointment of a deputy constable to be filed in the office of the clerk of the county court, is merely directory. The principle in relation to officers *de facto*, when the rights of third persons are concerned, is applicable as well to deputies as their principals ; and, if the deputy acts with the consent of his principal, the principal will be bound for his conduct. Proof of a person's acting as under sheriff, is sufficient proof of his authority to do any act necessary in the course of his office. (*Berryman* v. *Wise*, 4 T. R. 366.) There is no pretence here but that the deputy constable was appointed by the principal in whose name he acted. If the plaintiff should lose her debt by reason

of the omission to file the deputy's appointment in the office of the clerk of the county court, such omission being a breach of the condition of the bond, these sureties, who would now take advantage of such neglect, would be liable on the bond for such failure.　Judge Ryland concurring, the judgment will be reversed, and the cause remanded.