THE STATE OF KANSAS v. PETER QUINT.

No. 13,037.   (69 Pac. 171.)

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Resisting de facto Officer—Insufficient Defense.* A deputy sheriff had been regularly appointed, taken the oath of office, entered upon and had been for several months engaged in the performance of the duties of such office, and was known to the defendant to be such deputy sheriff. *Held,* that one charged with the misdemeanor of resisting such officer in the service of process cannot justify on the ground that the appointment and oath of office were not filed with the county clerk as provided by section 1745, General Statutes of 1901.

Appeal from Ellis district court; LEE MONROE, judge. Opinion filed June 7, 1902. Affirmed.

*A. A. Godard,* attorney-general, *J. P. Shutts,* county‹ attorney, and *W. E. Saum,* for The State.

*A. D. Gilkeson,* for appellant.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was an action charging the defendant with the misdemeanor of resisting an officer in the service of a writ of attachment. The officer was a deputy sheriff. The defense was that the appointment and oath of office of such deputy were not filed in the office of the county clerk as provided by‹ section 1745 of the General Statutes of 1901. It is

The State v. Quint.

contended that until such appointment and oath are so filed the deputy is no officer, is not authorized to serve process, and may be resisted in such service. In this case, the officer acting as such deputy had been regularly appointed, had taken his oath of office, and had been acting as such deputy for nearly a year. It was known to the defendant that he was such deputy.

We do not think that in a criminal action such as this the defendant can raise the question which he does. Probably the requirement of the section cited is merely directory, and in no sense goes to the qualification of the officer; but however this may be, the deputy sheriff here was an officer *de facto*, and, as such, his acts cannot be called in question collaterally. An officer *de facto* is one who actually performs the duties of the office that appertain thereto under color of appointment or election. To be sure, there must be a fair color of right, or an acquiescence by the public in his official acts so long that he may be presumed to act as an officer by right of election or appointment. In the case at bar, all of these conditions were amply complied with.

It is well settled that the acts of a *de facto* ministerial officer, such as a sheriff or constable, are protected like the acts of any other *de facto* officer. They cannot be collaterally inquired into.

In Wharton's Criminal Law, volume 1, section 652, the doctrine is stated as follows:

". . . The officer's title is not at issue in such a prosecution (*i. e.*, a prosecution for resisting an officer in the service of process) when it appears that he is an officer *de facto*, *i. e.*, the recognized official representative of a government in actual power. . . ."

In Bishop's New Criminal Law, volume 1, page 464:

". . . It is probably the better doctrine, though the decisions as to it are not harmonious, that the criminal law will not justify a person in resisting an arrest by an officer *de facto* on the ground that he is not such *de jure*."

The case of *Brown v. State* (Tex. Cr. App.), 60 S. W. 548, was a prosecution for an assault on an officer engaged in the discharge of his duty. It was therein shown that the officer assaulted had entered on the discharge of his duties as a deputy sheriff under a valid appointment, but he had not taken the oath of office or filed his appointment for record, as required by law. The court, however, held that he was a *de facto* officer, and as such, while in the discharge of his duties, was entitled to the protection afforded by the criminal statute.

In the case of *The State v. Dierberger*, 90 Mo. 369, 2 S. W. 286, a constable who had not taken the oath of office or filed his certificate of appointment was prosecuted for a murder committed while attempting to make an arrest. The court there held (pages 373, 374, and 375):

". . . The only object the law has in requiring the appointment to be filed in the office of the county clerk is to preserve the record evidence of the fact of such appointment having been made. . . . The failure to file the appointment cannot deprive the defendant of his right to say that he was a deputy constable. . . . The appointment made and constituted him a deputy; and though he failed to take the oath he was an officer *de facto*. The principle of law is well settled that the acts of such an officer are as effectual when they concern the public, or the rights of third persons, as though they were officers *de jure*. . . ."

See, also, *Weatherford v. The State*, 31 Tex. Cr. Rep. 530, 21 S. W. 251, 37 Am. St. Rep. 828; 17 A. & E. Encycl. of L. 13, and cases there cited.

In this case the deputy sheriff, having been duly appointed, having taken the prescribed oath of office and entered upon the discharge of the duties of the office, falls within the protection of the law while serving process, although his appointment had not been filed in the office of the county clerk.

The defendant further suggests that his acts as shown by the evidence did not amount to resistance of the officer; that he had a perfect right to do what he did. An examination of the evidence convinces us that the acts of the defendant were of such a character as amply to justify the verdict of guilty, which the jury returned against him.

Finding no error in the record, the judgment will be affirmed.

DOSTER, C.J., JOHNSTON, ELLIS, JJ., concurring.