[Crim. No. 495.   First Appellate District.—May 16, 1914.]

## THE PEOPLE, Respondent, v. R. B. CRADLEBAUGH, Appellant.

PUBLIC OFFICER—CRIMINAL LIABILITY FOR ASSAULT—DE FACTO OFFICER.—The words "public officer," as used in section 149 of the Penal Code prescribing the punishment of a public officer who unlawfully beats or assails a person, are broad enough to cover and include a *de facto* officer.

ID.—DE FACTO OFFICER—WHO IS—DEPUTY SHERIFF.—A deputy sheriff who has been appointed by the sheriff and has taken the oath of office, but who has not filed his appointment with the county clerk, is a *de facto* officer and subject to prosecution under section 149 of the Penal Code for assaulting a prisoner.

ID.—WHAT CONSTITUTES DE FACTO OFFICER GENERALLY.—A de facto officer is one who actually assumes and exercises the duties of a public office under color of a known and authorized appointment, but who has failed to comply with all of the requirements and conditions by law prescribed as a precedent to the performance of the duties of the office.

ID.—DUTY AND OBLIGATIONS OF DE FACTO OFFICER TO PUBLIC—DEPUTY.—The obligations and responsibilities of a *de facto* officer, while in the performance of the duties of his office, are, so far as the public and third persons are concerned, in legal effect the same as those of an officer *de jure;* and the rule in this behalf applies with equal force to deputy *de facto* officers.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order refusing a new trial. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

Thomas B. Dozier, and E. B. Taylor, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

LENNON, P. J.—The defendant was charged, in an information filed in the superior court of the county of Contra Costa, with the offense defined by section 149 of the Penal Code, which reads as follows: "Every public officer who, under color of authority, without lawful necessity, assaults or

beats any person, is punishable by a fine not exceeding $5,000, and imprisonment in the county jail not exceeding five years." The defendant was convicted, and sentenced to pay a fine of $1,000, and to be imprisoned in the county jail for one year. The appeal is from the judgment and from an order denying defendant's motion for a new trial.

The information charged "That on the 19th day of September, A. D. 1913, the . . . defendant, R. B. Cradlebaugh, alias R. B. Henry, was a public officer, to wit, a duly appointed, qualified and acting deputy sheriff in and for the county of Yuba, state of California, under George H. Voss, who was then and there the duly elected, qualified and acting sheriff of said county; that on the said 19th day of September, 1913, and while the said defendant was acting as such deputy county sheriff, at the county of Contra Costa . . . he, the defendant, did then and there unlawfully and willfully and violently, and under color of authority assail, strike and beat, without lawful necessity and without any just cause or provocation, one Alfred Nelson, while he, the said defendant, had then and there the said Alfred Nelson under arrest and in his custody and control by virtue of a warrant of arrest, and by virtue of his office as such deputy sheriff."

The insufficiency of the evidence to sustain the verdict, and the refusal of the trial court to give certain requested instructions, are the only points urged for a reversal.

It is conceded that the evidence sufficiently shows the commission of the assault; but it is claimed that the evidence is insufficient in the particular that it does not show that the defendant was at the time of the assault a duly appointed deputy sheriff of the county of Yuba. Upon this phase of the case the evidence in substance is that on the eighth day of September, 1913, George H. Voss, sheriff of the county of Yuba, in writing appointed the defendant a deputy sheriff of said county; that thereupon the defendant, before Edward B. Stanwood, the district attorney of said county, swore and subscribed to the oath of office as such deputy sheriff, which oath, in the usual and ordinary form, was indorsed upon the sheriff's written appointment. It was not shown, or attempted to be shown, that such appointment had ever been filed with the clerk of Yuba County. To the contrary, the

testimony of Sheriff Voss, uncontradicted and received without objection, clearly shows that the writing in question had never at any time been filed with said clerk.

Section 4024 of the Political Code provides that the appointment of a deputy to a county officer must be made in writing and filed in the office of the county clerk, and further expressly declares that "Until such appointment is so made and filed, and until such deputy shall have taken the oath of office, no one shall be or act as such deputy." The gravamen of the offense of which the defendant was convicted consists primarily of an assault by a public officer under color of authority. It is not disputed that the evidence shows that at the time of the assault alleged and proved against him the defendant was acting under color of the assumed authority of a public peace officer; but it is insisted, nevertheless, that the evidence of the defendant's failure to file his appointment as such officer affirmatively established the fact that he was not a public officer within the meaning of section 149 of the Penal Code; and that therefore the evidence upon the whole case was lacking in proof of an essential element of the offense for which the defendant was prosecuted and convicted.

It may be, as counsel for the defendant contends, that the defendant was not a *de jure* public officer at the time of the assault; but we cannot accede to the proposition that he was not a *de facto* officer. A *de facto* officer may be defined to be one who actually assumes and exercises the duties of a public office under color of a known and authorized appointment, but who has failed to comply with all of the requirements and conditions by law prescribed as a precedent to the performance of the duties of the office (*State* v. *Carroll*, 38 Conn. 449, [9 Am. Rep. 409]; *Oakland Paving Co.* v. *Donovan*, 19 Cal. App. 488, [126 Pac. 388]; *People* v. *McDowell*, 70 Hun, 50, [23 N. Y. Supp. 950]).

In the present case the defendant was in writing appointed a deputy sheriff by the duly elected, qualified, and acting sheriff of the county of Yuba. The defendant had taken the oath of office as such deputy, and was openly and notoriously assuming to perform the duties of the office. Having been commissioned a deputy by the sheriff, and having acted at the time of the assault under color of such com-

mission, the defendant was undoubtedly a *de facto* public officer notwithstanding the failure to file his appointment with the county clerk (*State* v. *Underwood,* 75 Mo. 230; *State* v. *Quint,* 65 Kan. 144, [69 Pac. 171]; *State* v. *Dierberger,* 90 Mo. 369, [2 S. W. 286]).

Generally speaking, the obligations and responsibilities of a *de facto* officer while in the performance of the duties of his office, are, so far as the public and third persons are concerned, in legal effect the same as those of an officer *de jure.* (*State* v. *Dierberger,* 90 Mo. 369, [2 S. W. 286]; *Oakland Pav. Co.* v. *Donovan,* 19 Cal. App. 488, [126 Pac. 388]; *People* v. *White,* 24 Wend. (N. Y.) 539; *Adams* v. *Tator,* 42 Hun (N. Y.), 384.) And the rule in this behalf applies with equal force to deputy *de facto* officers, (*State etc.* v. *Muir,* 20 Mo. 303).

The words "public officer," as used in section 149 of the Penal Code, are broad enough to cover and include a *de facto* officer; and this being so, the evidence upon the whole case sufficiently supports the verdict of the jury finding the defendant "guilty of the crime of a public officer under color of authority, without lawful necessity, assaulting and beating one Alfred Nelson as charged in the information."

The requested instructions of the defendant which were refused by the trial court in effect called for an acquittal of the defendant if the jury found that he was a *de facto* and not a *de jure* officer. For the reasons stated in disposing of the point relating to the alleged insufficiency of the evidence, the requested instructions were rightfully refused.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.