R. J. CALDWELL COMPANY *vs.* CUSHNOC PAPER COMPANY.

Kennebec.   Opinion February 5, 1916.

*Contract.     Damages.     Evidence.     What is seasonable notice under Rule of Court, Number XXVII.*

From the exceptions it appears that the case was assigned on the first day of the term for trial upon the morning of Friday following and that about five o'clock in the afternoon of the preceding Wednesday, or second day of the term, the defendant served upon the attorney of plaintiff a written notice to produce numerous letters sent by defendant to the agent in Boston, of the plaintiff, who was a resident of New York. The attorney of plaintiff, upon whom service of the notice was made, was employed by plaintiff's attorney who also resided in New York, with whom alone he had had communication. The local attorney, upon receipt of the notice, made no effort to secure the production of the letters, it being his opinion that the time in which to do so was insufficient. Alleged carbon copies of the letters were offered and excluded, the court holding the notice not seasonably given.

*Held:*

1. Notice to produce evidence must be seasonably served, allowing sufficient opportunity for compliance.   What is seasonable service is a question addressed to the discretion of the trial judge.

2. The determination of the question of seasonable service must vary with the circumstances of each particular case, in so much so that it has been stated that the numerous rulings on the subject should not be treated as precedents.

3. Upon a careful examination of the circumstances of this case, no abuse of judicial discretion is found.

4. The court is of the opinion that there was sufficient evidence upon which the verdict of the jury may be sustained.

Action of assumpsit to recover balance of agreed price of thirty-six dryer felts furnished defendant by plaintiff under written contract. The defendant pleaded the general issue, together with a brief statement claiming the right to recoup in damages on account of the failure of the plaintiff to deliver these felts according to agreement. During the trial, the defendant offered certain copies of letters written by the defendant to the agent of the plaintiff in Boston. The plaintiff's counsel excepted to the admission of these copies, claiming that seasonable notice had not been given to produce the originals.

The presiding Justice ruled that, under the circumstances, the notice given by defendant's counsel was not a seasonable notice and excluded the copies, to which ruling defendant's counsel excepted. Verdict rendered for plaintiff. Defendant filed exceptions to the exclusion of certain evidence and also general motion for a new trial. Exceptions and motion overruled.

Case stated fully in opinion.

*Walter M. Sanborn,* for plaintiff.

*Melvin S. Holway,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

BIRD, J. This is an action on the case for the recovery of the balance of the agreed price of thirty-six dryer felts furnished defendant by plaintiff under written contract, or four hundred twenty-nine dollars and sixty cents with eleven dollars and eighty-eight cents interest. The general issue is pleaded by defendant with brief statement claiming the right to recoup from plaintiff two hundred and ninety-one dollars and ninety-six cents which it alleges it expended in excess of the contract price for felts which

it was compelled to buy of others by reason of the failure of plaintiff to deliver felts in accordance with the terms of the contract and the further sum of two hundred ninety-one dollars and sixteen cents, damages suffered by it by shut downs of its mill occasioned by the like failure to deliver by plaintiff.

The jury found for the plaintiff in the sum of two hundred thirty-six dollars and sixty-three cents and the case is here upon exceptions to the exclusion of evidence and a motion for new trial.

The exceptions are not sustained. The writ, pleadings, the excluded evidence and testimony are made part of the bill of exceptions. From it, it appears that the case was assigned on the first day of the term for trial upon the morning of Friday following and that about five o'clock in afternoon of the preceding Wednesday, or second day of the term, the defendant served upon the attorney of plaintiff a written notice to produce numerous letters sent by defendant to the agent, in Boston, of the plaintiff, who was a resident of New York. The attorney of plaintiff, upon whom service of the notice was made, was employed by plaintiff's attorney who also resided in New York with whom alone he had had communication. The local attorney, upon receipt of the notice, made no effort to secure the production of the letters, it being his opinion that the time in which to do so was insufficient. Alleged carbon copies of the letters were offered and excluded, the court holding the notice not seasonably given.

The rule of court, number XXVII, regarding notice to produce written evidence introduces no new principle but is simply in affirmance of a well established rule of evidence. *State* v. *Mayberry,* 48 Maine, 218, 239; *Overlock* v. *Hall,* 81 Maine, 348, 350. The notice must be seasonable, allowing sufficient opportunity for compliance. *Emerson* v. *Fisk,* 6 Maine, 200, 206; *Overlock* v. *Hall,* supra. What is seasonable service is a question addressed to the discretion of the trial Judge. Its determination must vary with the facts of each particular case, in so much so that it has been stated that the numerous rulings on the subject should not be treated as precedents. Upon a careful examination of the circumstances of the case, we find no abuse of judicial discretion by the presiding Justice. See *Augusta Water District* v. *Water Company,* 100 Maine, 268, 270; *Dunn* v. *Kelley,* 69 Maine, 145; *Bourne* v.

*Buffington,* 125 Mass., 481, 482; 1 Green. Ev., § 560; II Wig. Ev., § 1208.

The motion of defendant is based upon alleged inadequacy of the amount of damages allowed defendant upon his claim in recoupment. One witness only, testified as to the amount of such damages. The credibility of a witness is a question for the jury. As with other witnesses, the presumption is that he speaks the truth, but the presumption may be overcome by his manner and demeanor, the character of his testimony, the circumstances under which he testifies, the unreasonableness and improbability of his statements and his interest in the result of the trial.

If the jury refused to allow the damages claimed to flow from the first shut down of ten and one-half hours, it cannot be said that its action was without warrant upon the evidence. The defendant claimed that the shut down resulted from failure of plaintiff to comply with the provision of the contract or memorandum to be observed by plaintiff, "1 roll of each style to be kept in stock." It seems clear from the contract and the understanding of defendant that these felts, required to be kept in stock, were to be shipped when an emergency occurred. Otherwise, if they were subject to shipment on the customary order, it would require plaintiff to keep in stock not one, but two or even three felts of each class. Assuming failure on the part of plaintiff, compliance, however, with this undertaking would not have prevented the shut down since the shortest period, after receipt of an order in which a felt could be delivered was twenty-four hours. Moreover, there is no evidence of any order given plaintiff by defendant at the time of the shut down. The contract is silent as to the time within which the felts were to be made up and delivered after receipt of an order. At best, therefore, it was within a reasonable time under all the circumstances. Nor do we think the jury without warrant upon the evidence in disallowing damages claimed to arise from the second shut down.

Regarding the claim of defendant for damages in recoupment arising from the purchase of felts from others, when defendant was compelled, as claimed, to do so by reason of failure of plaintiff to fill orders with reasonable promptness:—in four instances felts were purchased at a discount of only twenty per cent, thirty per

cent being the discount given by the contract. Twenty-five per cent was the ruling discount. It was the discount given defendant on purchases from all parties other than plaintiff except the party from whom the four felts in question were purchased, and the latter in fifteen sales to defendant, occurring partly before and partly after the sale of the four felts, made a discount of twenty-five per cent. Can it be said that the jury was not justified in finding that defendant did not purchase to the best advantage? Such finding would result in reducing the claim by the sum of $31.31. So the jury may have found, from the non-production of orders of the defendant therefor, and other circumstances, that the last five purchases in 1913 of a dealer other than plaintiff were not made by reason of the failure of plaintiff to comply with terms of the contract. Such finding would effect a further reduction of $44.36, being the amount of the diminished discounts allowed. These two sums aggregate nearly the amount disallowed by the jury upon the claim to recoup for excess paid for felts and we are not prepared to say that there was no warrant for the jury so finding in another or other instances. The burden to show the contrary is upon defendant.

We conclude the motion for new trial must be overruled. *Wait v. McNeil,* 7 Mass., 261, 264, 265; *Harding* v. *Brooks,* 1 Pick., 244, 248; *Lee Sing Far* v. *U. S.,* 94 Fed., 834, 838, 839; *Barrett* v. *R. R. Co.,* 45 N Y., 628.

*Exceptions and motion overruled.*