LLEWELLYN G. BARTER, Petr.,

*vs.*

MAYOR AND ALDERMEN OF THE CITY OF ROCKLAND.

Knox.    Opinion March 8, 1916.

*De Facto Officer.     De Jure Officer.     Municipal Corporations.*
*Writ of Certiorari.*

1.  Under an ordinance of the city of Rockland, providing that the city marshal should, with the approbation of mayor and aldermen, appoint annually one of the police force as a deputy, one not a member of the police force, whom the marshal appointed his deputy, and who served as such, was de facto the deputy marshal during his time of service.

2.  Where the deputy marshal of the city of Rockland, during the time of his service was merely deputy marshal de facto because an ordinance of the city required that a member of the police force be appointed deputy, while the incumbent was not such a member, he ceased to be such by the appointment of a police officer as deputy, who qualified over the incumbent and performed the duties of the office, since there cannot be an officer de jure and one de facto in possession of the same office at the same time.

3.  Possession of an office is necessary to give a de facto officer any rights in proceedings to try title to the office, since possession of the office is essential to his title to consideration as an official.

4.  A person not a member of the police force of the city of Rockland, who was appointed to the office of deputy marshal under an ordinance requiring the appointment of a police officer, after his removal by the mayor and aldermen and the appointment of his successor de jure, could not have certiorari to quash the removal proceedings, since the appointment of his de jure successor terminated even his de facto character, while only parties having an interest in proceedings other than a, public interest are entitled to certiorari.

Petition for writ of certiorari.  Defendants filed answer and case reported to the Law Court for determination, upon so much of the evidence as legally admissible.  Petition dismissed with costs.

Case stated in opinion.

*E. K. Gould,* for petitioner.

*E. C. Payson,* for respondents.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

HALEY, J.  This is a petition for a writ of certiorari, asking that certain records of the Board of Mayor and Aldermen of the City of Rockland be certified to the court, adjudged illegal and quashed. The defendants filed their answer, testimony was taken and the case reported to this court for determination.

The case shows that the petitioner was appointed deputy marshal of the City of Rockland April 18, 1913, and served as such until July 17, 1914, and did not act as deputy marshal after that date. August 3, 1914, charges having been filed against him, notice was issued for him to appear August 13th and show cause why he should not be removed from the police force of said city.  The notice was served upon him and a hearing had, he did not appear, and, upon hearing, the petitioner "was dismissed from the Rockland police force as patrolman and deputy marshal."  It is the claim of counsel for the petitioner that the notice was not a legal notice, because of the lack of time, and the charges were not specific enough to authorize the Board of Mayor and Aldermen to act upon the petition; and because the Mayor and Aldermen, after said hearing and before removal, did not adjudicate upon the truth or falsity of the charges as a matter of fact, because the Mayor concurred with the Board of Aldermen in the vote of removal of

the petitioner, and that said Mayor did not remove said petitioner and receive the concurrence of the Aldermen to said action, for which reasons the action of the Board of Mayor and Aldermen was illegal.

. The ordinances of the City of Rockland, chapter III, sections 2 and 7, provide as follows:

"2.   The city marshall shall, with the approbation of the mayor and aldermen, appoint annually one of the police officers as a deputy, who shall, during the absence or disability of the city marshal, have and exercise all power and authority, and perform all duties pertaining to the office of marshal."

.    .    .    .    .    .    .    .    .    .

"7.   The police force shall consist of not less than six officers, including the city marshal and deputy marshal, and all except the city marshal shall hold office for the term of three years, ending on the last day of March, or until their successors are chosen and qualified. Appointments to the police force shall be made so that the terms of office of one-third of the entire force, or as near as may be, shall expire each year.  Any vacancy shall be filled for the remainder of the unexpired term."

The record does not show that the petitioner was ever appointed a member of the police force, and as the ordinance provides that the deputy marshal shall, at the time of appointment, be one of the police officers, the petitioner was not eligible and not legally appointed deputy marshal, but during the time that he served he was the de facto deputy marshal.  After the removal of the petitioner as above, the marshal appointed Albert G. Callamore, a police officer, as deputy marshal for the years 1914 and 1915, and he was unanimously elected by the Board of Aldermen, and qualified as deputy marshal, and has performed the duties of said office ever since, and the petitioner has not attempted to perform the duties of the office since July 17, 1914.

By the appointment of Mr. Callamore as above, and his taking possession of the office, he became the de jure deputy marshal, and the petitioner, not being in possession of the office or performing the duties of the office, ceased to be a de facto officer, for "two different persons cannot at the same time be in actual occu-

pation and exercise of an office for which one incumbent only is provided by law. There cannot, therefore, be an officer de jure and another officer de facto in possession of the same office at the same time." Mechem on Public Officers, sec. 322. Possession of the office is necessary to give a de facto officer any rights in proceeding to try the title to an office, for, as well said, "The possession is indispensable, the very life blood of the claimant's title, to consideration as an official."

The petitioner in this case is not an interested party in the proceedings which he desires quashed. Having no interest therein he is not entitled to certiorari, because only parties who have an interest in the proceedings, other than the interest which the public have, are entitled to the writ of certiorari. *Harkness* v. *Co. Commissioners,* 26 Maine, 353; *Parsonsfield* v. *Lord,* 23 Maine, 516; *Strong* v. *Commissioners,* 31 Maine, 578.

*Petition dismissed with costs.*