# STATE OF MAINE

### BY

## Information of GUY H. STURGIS, Attorney General,

### *vs.*

## ROBERT H. McLELLAN.

## Washington.    Opinion January 29, 1918.

*Powers and duty of selectmen in relation to appointment and removal of road commissioner or public officials.    R. S., Chap. 4, Sec. 16, interpreted.    Right of one board of selectmen to remove public official for alleged incompetence or neglect occurring during the administration of a previous board of selectmen.    General rule governing the presentation of charges.    Hearing on removal of road commissioner by selectmen.*

This information involves the title of road commissioner in the town of Baileyville.    One Malloy was appointed by the selectmen on March 29, 1916, for a term of three years.    He was removed by the selectmen of the following year on May 24, 1917, and one McLellan appointed for a term of one year.

*Held:*

1.    The appointment of Malloy in 1916 was legal.    While only two of the selectmen signed the written appointment, all three were present at the meeting and the signatures of a majority was sufficient.

2.   The attempted removal of Malloy on May 24, 1917, was illegal.   While selectmen have the statutory power to remove a road commissioner from office for incompetency or neglect to perform his official duties, the manner in which that authority shall be exercised and the principles governing proceedings of this nature are well settled.

3.   The selectmen do not sit as municipal officers, but for the time being as a judicial tribunal, and they should hear the evidence and pass upon the facts, deliberately, without bias or prejudice and with no preconceived opinion or judgment.

4.   The proceedings must be according to the common law, which is the "law of the land."   This necessitates the specification of charges, reasonable notice, impartial hearing, separate adjudication on each charge and adjudication on the order of removal.

5.   In the case at bar, all of these elements were disregarded.   The proceedings were perforated with irregularities and illegalities and the attempted removal of Malloy from office was invalid.

6.   It follows that the respondent has no legal right to exercise any of the powers or functions of road commissioner and the State should have judgment of ouster.

Information in the nature of quo warranto.  Heard upon bill, answer and amended information.  Judgment in accordance with opinion.

Case stated in opinion.

*R. J. McGarrigle,* for plaintiff.

*Reed V. Jewett, and M. J. Kennedy,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, BIRD, HANSON, PHILBROOK, JJ.

CORNISH, C. J.   This information in the nature of quo warranto involves the title to the office of road commissioner in the town of Baileyville, and comes to this court on report.   The contest lies between the relator Leo J. Malloy, who claims to have been chosen by a majority of the selectmen by written appointment on March 29, 1916, for a term of three years, in compliance with R. S., Chap. 4, Sec. 16, and the respondent, Robert H. McLellan, who claims that Malloy was removed from office by the then selectmen on May 24, 1917, and that he was chosen by a majority of the selectmen by written appointment on the same day for the remainder of the current municipal year.

The legality of the appointment of Malloy cannot be seriously resisted.   It was made by the proper authorities in the statutory

method, and while only two of the selectmen signed the written
appointment, all three were present at the meeting and the signatures
of a majority were sufficient.    R. S., Chap. 1, Sec. 6, paragraph III.
*Jay* v. *Carthage,* 48 Maine, 353-358; *Webber* v. *Stover,* 62 Maine, 512-
519; *Deming* v. *Houlton,* 64 Maine, 254-262; *Acton* v. *Co. Comm'rs,*
77 Maine, 128; *Bryant* v. *Co. Comm'rs,* 79 Maine, 128.

The controversy centers upon the validity of Malloy's removal by
the selectmen on May 24, 1917.    The facts connected with that pro-
ceeding are as follows:    Malloy. had served through the municipal
year of 1916-17.    At the annual town meeting held on March 29, 1917,
a change was made in the personnel of the board of selectmen, a
change not favorable to Malloy.    On April 6, 1917, a majority of the
new board sent him a letter asking him to resign, and giving as a
reason that the selectmen would act as road commissioners during the
current year.    On April 12, 1917, Malloy replied, declining to comply
with their request.    The relations continued strained and on one
occasion, about the middle of May, when two of the selectmen were
present, one of them told Malloy that he was discharged.    This of
course was of no effect and Malloy continued in service.    Finally after
several interviews, a written notice dated May 23, 1917, was served
upon him, requesting him to appear before the board on Thursday,
May 24, 1917, at 7 o'clock P. M. at their office "to answer to a com-
plaint of incompetency and neglect of official duty in your office as
road commissioner."    The evidence is conflicting as to when this
notice was delivered to the relator.    He testifies that it was at about
ten o'clock in the forenoon of the day of the hearing; the selectmen
say it was the day before the hearing; but we do not deem the slight
difference in time of much consequence in this case.

Mr. Malloy appeared with his counsel at the appointed time and
place.    Because of the tardiness of witnesses for the prosecution the
hearing was not begun until eight o'clock.    Counsel for the relator
then asked for a continuance in order that he might have time to
secure witnesses and prepare his defense.    This request was refused
on the ground that he had had as much time to prepare as had the
prosecution.    The selectmen had in their possession at the time the
petition of R. H. McLellan, the respondent, and eleven others, which
read as follows:    "To the selectmen of Baileyville:    We the under-
signed voters and tax payers of this town are not satisfied with the
present road commissioner Leo J. Malloy, believing him incompetent

and we would like to have him removed." Counsel for the relator then filed with the board a request for written specifications of the acts of incompetency or neglect of duty, claimed to have been committed by him, and after consultation two of the selectmen drew up and presented the following charges, the remaining selectmen not acting with them:

"1st. Disobeying orders from selectmen May 21, 1917.
2nd. May 10, 1917, standing bossing one man, getting his time in.
3rd. Too extravagant during whole term.
4th. Poor judgment during whole term."

Several witnesses were then examined in support of the charges, and at the close of their testimony counsel for Mr. Malloy renewed his motion for a continuance. This was denied, the town clerk's record of the meeting stating the reason to be that "the road commissioner had had time enough to prepare his defence." This second denial of a continuance occurred at 9.20 P. M. The two selectmen then retired and soon after announced their finding of incompetency on the part of Malloy and his removal from office. In this summary manner was the alleged removal effected.

The authority for removal is found in the following statutory provision: "Any road commissioner may be removed from office by the selectmen for incompetency or neglect to perform his official duties." R. S., Chap. 4, Sec. 16.

The manner in which that authority shall be exercised and the principles governing proceedings of this nature are well settled. The incumbent of a public office should not be deprived of it "but by the judgment of his peers or by the law of the land." The leading case of *Andrews* v. *King*, 77 Maine, 224, in a learned and illuminating opinion, covers the entire ground and is accepted as a guide by which the legality or the illegality of an attempted removal of a public official is to be tested. The essentials for a valid removal and the various steps to be taken in order that the rights of the accused on the one hand and of the public on the other may be properly safeguarded are there considered with great care.

Studied in the light of the rules laid down in *Andrews* v. *King*, the proceedings here are perforated with irregularities and illegalities, with errors of omission and errors of commission. The tribunal which

hears the cause is judicial in its nature. The selectmen do not sit as municipal officers but for the time being, as judges. They should therefore hear the evidence and pass upon the facts, deliberately, without bias or prejudice and with no preconceived opinion or judgment. The proceedings before this tribunal are not regulated by statute, and therefore must be according to the common law which is the "law of the land." They necessitate the specification of charges, reasonable notice, impartial hearing, separate adjudication on each charge, and adjudication on the order of removal. In the case at bar every one of these elements was disregarded.

### SPECIFICATION OF CHARGES.

The rule is this: "Specifications of the alleged causes should be formulated with such reasonable detail and precision as shall inform the people and the incumbent of what dereliction is urged against him. The charges should be specifically stated with substantial certainty, though the technical nicety required in indictments is not necessary." *Andrews* v. *King*, 77 Maine, 234. The notice served upon the relator here requested him to answer "to a complaint of incompetency and neglect of official duty." Such general language, although it is practically the language of the statute, was wholly inadequate. It gave the incumbent no information whatever as to the charges which he would be called upon to meet. As well accuse a man of larceny without alleging what was stolen, or when, or where, or from whom.

After the hearing opened counsel for the incumbent asked for specifications, and four were then drawn up by the selectmen, but they can hardly rise to the dignity of that term. The first and second while attempting to state specific acts, the one of disobedience and the other of laziness, are inconsequential and trivial. It does not appear what the orders from the selectmen were, nor whether they were of such a character as to be within their power to issue. The third and fourth are but indefinite allegations of extravagance and poor judgment during the whole term. Not only do they lack the detail and precision required but they apparently are intended to cover the conduct of Malloy as road commissioner during the previous municipal year when another board of selectmen was in power. Clearly the board in office in 1917 could not remove an officer for

alleged acts of misfeasance or nonfeasance in 1916. The commissioner is responsible to the board of each year for the acts of that year alone.

## REASONABLE NOTICE.

This is an elastic term, and whether a notice is or is not reasonable must depend upon the facts and conditions surrounding each particular case.

Here the relator was obviously deprived of his common law rights. The written notice of the hearing was served upon him only one day or a portion of a day prior thereto, and it was so general in its terms as to preclude the possibility of preparation for defense. After the specifications were filed no time was allowed in which to meet them. Two requests for continuance were promptly denied, so that virtually no notice whatever of the charges upon which the hearing proceeded was given to the relator.

## IMPARTIAL HEARING.

The character of the hearing is apparent from what has already been said. It was in effect as close to an ex parte proceeding as could be well conceived. True, the accused and his counsel were present, and his counsel was allowed to cross-examine the witnesses for the prosecution. But it was an idle task. The minds of the judges had already been made up, and the rights of the relator, even as to an opportunity to be heard, were ignored.

## SEPARATE ADJUDICATION ON EACH CHARGE.

The truth or falsity of each separate charge must be passed upon before passing sentence. They cannot be grouped together in the decision. "This must needs be the course, otherwise the court might pronounce sentence, when no one charge was believed by a majority of the court. There might be as many charges as there were members of the court and no one receive the assent of more than one member, yet that member vote to sentence, on account of his belief in the truth of that one charge, which all his associates believed to be false." *Andrews* v. *King*, 77 Maine, 235. The town records contain only this finding: "The selectmen retired to the ante room and returned with a decision that Leo J. Malloy was an incompetent man for road commissioner, and removed him from office." They state in their testimony that they found each charge substantiated, but the record, unamended, governs, and cannot be contradicted by parol evidence.

*Crommett* v. *Pearson,* 18 Maine, 345; *State* v. *Bailey,* 21 Maine, 66. This record shows a clear violation of the established rules of procedure.

### ADJUDICATION ON THE ORDER OF REMOVAL.

The adjudication upon the facts and upon the order of removal must be distinct acts on the part of the tribunal. "The latter cannot precede nor be coincident with the former but must follow it." *Andrews* v. *King,* 77 Maine, 236. According to the record, the acts here were coincident, and as bearing upon the impartiality of the two sitting members of the board the final sentence in the record is significant: "Then Robert H. McLellan was appointed road commissioner for the remainder of the term." Mr. McLellan headed the petition for the removal of Malloy and was one of the witnesses in its support.

The record contains a large mass of evidence taken out before the sitting Justice, and relating to the competency or the incompetency of Mr. Malloy during his entire term of office. All that evidence is immaterial here. In a proceeding of this nature this court does not act as a Court of Appeal upon the merits of the cause. It cannot re-try the facts nor review the evidence taken out before the municipal officers, nor reverse any decision within their discretion. It has power to examine the course of procedure and to determine whether the municipal officers kept within their jurisdiction, and proceeded according to law. "Whether the inferior court is legally constituted; whether the allegations made to it are sufficient in form and substance to authorize it to proceed, whether its procedure is correct and whether its sentence is lawful, are questions for this Court to determine." *Andrews* v. *King,* at 238.

In the exercise of this superintending power we have no hesitation in saying that for the reasons above given the proceedings in this case were illegal and the attempted removal of Mr. Malloy from his office was invalid. It follows that the respondent has no right to exercise any of the powers or functions of road commissioner and the State should have judgment of ouster.

*So ordered.*