ABBOTT *v.* NORMAN.

## Opinion delivered June 17, 1918.

1. PUBLIC OFFICER—CONSTABLE—DE FACTO OFFICER—BOND.—The failure to give the bond prescribed by Kirby's Digest, § 678, does not prevent one elected to the office of constable from becoming an officer *de facto.*

2. CONSTABLES—FAILURE TO LEVY ATTACHMENT—LIABILITY.—Where a constable has neglected to levy an attachment, whereby plaintiff has suffered damage, the plaintiff must elect whether he will sue the constable on his common law liability or under Kirby's Digest, § 4487, subdiv. 6.

Appeal from Clark Circuit Court; *Geo. R. Haynie,* Judge; reversed.

*John H. Crawford* and *Dwight H. Crawford,* for appellant.

1. Appellee is liable under paragraph one for his failure to serve the writ. He was duly elected and qualified as constable and acted as such. 89 Ark. 488; 123 *Id.* 46. The law presumes that every officer has performed every duty enjoined on him by statute. A violation of that duty renders him liable. Kirby's Dig. § 678; 23 Ark. 295.

2. The court erred in not rendering judgment for the penalties sued for. Kirby's Dig., § § 4487, 4566, 4570, 355. He totally failed to serve the writ or return it.

3. The verdict of the jury and judgment are without testimony to sustain them. He does not deny that he was constable; that he accepted the office and received his commission, gave bond, qualified and acted. For want of denial those facts are admitted. He held over until his successor was elected and qualified. 122 Ark. 490. A status once shown will be presumed to continue until it is shown that it has ceased. 22 Ark. 524; 7 *Id.* 449; 10 R. C. L. 872.

4. The evidence is sufficient to show that he was the qualified and acting constable. The court should have taken judicial notice of the fact that he was the constable. 12 Ark. 190; 25 *Id.* 336; 66 *Id.* 180.

5. There was no evidence to contradict the testimony that he was constable, and the theory that he was not ought to have been submitted to the jury. It was error to read section 678, Kirby's Digest, to the jury and in orally repeating to the jury the substance of that section. The verdict is clearly against the evidence.

The appellee, *pro se.*

1. Appellee denies that he was constable as alleged. Whether he was liable was the issue, and it was fairly submitted to the jury. Their findings are conclusive. 50 Ark. 267, 305; 68 *Id.* 83. They virtually found that he had not complied with Kirby's Digest, § § 676 to 681, 5753, 5757, etc.

The status of Norman was never fixed at any time by any competent proof. 122 Ark. 486-490.

2. The question was fairly submitted to the jury. The answer may have been defective, but the parties went to trial without objection, and it is too late to object now. 72 Ark. 62-66.

STATEMENT OF FACTS.

This suit was instituted in the circuit court by J. R. Abbott against G. F. Norman.

In the first paragraph of his complaint, Abbott alleges that Norman at the general election in September, 1914, was elected constable for Missouri township in Clark County, Arkansas; that he was duly qualified as such constable and entered into the discharge of the duties of his office; that on November 20, 1916, Abbott sued out a writ of attachment against the property of Harry Myers to collect a debt of $65.70; that said writ was issued by a justice of the peace of Missouri township and was delivered to Norman as constable of said township for execution; that Myers owned and possessed sufficient personal property subject to attachment to satisfy the writ; that Norman failed and refused to levy the attachment whereby Abbott suffered the loss of his debt.

In the second paragraph of his complaint Abbott alleges that Norman as constable of Missouri township received into his hands a writ of attachment issued by a justice of the peace of Missouri township and returnable on the first day of December, 1916, in a case wherein J. R. Abbott was plaintiff and Harry Myers was defendant; that Norman as such constable failed to levy said writ and judgment was prayed for in the sum of not less than $50 nor more than $500 in accordance with subdivision 6 of section 4487 of Kirby's Digest.

According to the testimony of J. R. Abbott he commenced an action before a justice of the peace of Missouri township in Clark County, Arkansas, against Harry Myers on November 20, 1916, for the sum of $65.70, with interest. An attachment was duly issued by the justice of the peace and placed in the hands of G. F. Norman, as constable of said township, for execution.

According to the testimony of the justice of the peace who issued the attachment, Norman failed to serve it or to return it within the time prescribed by the statute. Norman gave as an excuse therefor that he had been prevented from serving it by the threats of Harry Myers.

It was shown by both of the justices of the peace of Missouri township that Norman was duly elected constable of said township and they stated that he had told them that he had been sworn in as such constable; that since said election he had been acting as, and had been recognized by the public generally as constable of said township. It was also shown by the sheriff that Norman had been acting and recognized as constable of Missouri township.

The court submitted to the jury the question of whether or not Norman was the duly elected, qualified and acting constable of Missouri township at the time the writ of attachment was placed in his hands for service, directing it to find for the plaintiff in the sum sued for if this was shown by a preponderance of the evidence; otherwise to find for the defendant. In addi-

tion the court read to the jury section 678 of Kirby's Digest which provides in effect, that every constable shall within thirty days after his election enter into bond to the State of Arkansas in a sum of not less than $500 or more than $5,000, conditioned that he will execute all processes to him directed, etc. The court further instructed the jury that if it should find from a preponderance of the evidence that the defendant complied with this section of the statute, it would find for the plaintiff. On the other hand that if the jury did not find that the defendant had been qualified and had given the bond provided for in this section, that it should find for the defendant.

The jury returned a verdict for the defendant, and from the judgment the plaintiff has appealed.

HART, J., (after stating the facts). The court erred in reading section 678 of Kirby's Digest to the jury and in instructing it that the right of the plaintiff to recover in the action depended upon whether or not the jury should find from a preponderance of the evidence that the bond provided for by section 678 of Kirby's Digest had been given by Norman. It was shown by the two justices of peace of Missouri township that Norman was elected as constable of said township at the general election held in September, 1914. He told them that he had been sworn in as such constable. At any rate he entered into possession of the office, and assumed to, and did discharge the duties of the office. He was recognized as constable of the township by the public generally. His term of office was for two years. He was, therefore, at least, a *de facto* officer at the time the writ of attachment was placed in his hands for execution in November, 1916. *Youngblood* v. *Cunningham,* 38 Ark. 571; *Pierce* v. *Edington, Treasurer,* 38 Ark. 150, and *Carter* v. *State,* 43 Ark. 132.

The failure to give the bond prescribed by section 678 of Kirby's Digest did not prevent him from becoming an officer *de facto.* Constantineau on the De Facto Doctrine, sec. 138, and *Town of Weston* v. *C. W. Sprague,*

54 Vt. 395. Under these circumstances Norman could not say he was not a legal constable and he was liable to the plaintiff for the failure to discharge the duties of his office.

(2) It is claimed by counsel for the plaintiff that under the facts of this case the defendant was liable at common law for a failure to levy the attachment and was also liable for the penalty under subdivision 6 of section 4487 of Kirby's Digest for failing to execute the attachment. It is true that section 4487 of Kirby's Digest does not take away the common law right of the plaintiff to sue the defendant for failing to levy the attachment but the plaintiff could not pursue both of these remedies. The court properly required him to elect which remedy he would pursue.

For the error in instructing the jury as indicated in the opinion the judgment must be reversed and the cause remanded for a new trial.