## STATE v. ROY BRYANT AND ANOTHER.[1]

June 8, 1928.

No. 26,788.

**Conviction for assault in second degree while resisting arrest by officer de facto.**

1. Defendants were found guilty of assault in the second degree in assaulting an officer in the resistance of an arrest. Under the evidence the person assaulted was at least an officer de facto, and the court properly so charged the jury.

**Crime is the same whether officer is de jure or de facto.**

2. An assault upon a de facto officer to prevent a lawful arrest is an assault in the second degree the same as if the officer were de jure.

**Correct to refuse instruction concerning assault in third degree.**

3. The court did not err in refusing to submit to the jury assault in the third degree.

Assault and Battery, 5 C. J. p. 796 n. 80.

[1] Reported in 219 N. W. 877.

Defendants appealed from an order of the district court for Crow Wing county, Fesler, J. denying their motion for a new trial. Affirmed.

*Heath & Larson,* for appellants.

*G. A. Youngquist,* Attorney General, and *Walter F. Wieland,* Assistant Attorney General, for the state.

DIBELL, J.

The defendants, Roy Bryant and John Bryant, were convicted in the district court of Crow Wing county under an information charging them and others with an assault upon one Olson with the intent to prevent the lawful apprehension of the defendant Roy Bryant by Olson, who was then a police officer, to-wit: marshal of the village of Jenkins in said county, duly authorized to make arrests and who was then in the act of arresting and apprehending said Roy Bryant. The information charged the offense of assault in the second degree under G. S. 1923, § 10098(5), making an assault on an officer to prevent the lawful apprehension or detention of himself or another assault in the second degree. They appeal from the order denying their motion for a new trial.

1. Olson was informally appointed marshal of the village by the common council. The recorder gave him his star and he took an oath. He was given a pair of handcuffs. He did not furnish a bond and was not required to do so by the council. There is some claim that he was appointed under L. 1927, p. 441, c. 321, providing for the appointment of officers to police. dances, and anyway that was his work. But it is not important. He was known to be an officer in the community. He wore a star marked "Village Marshal." · He policed the dance hall at the village. The defendants knew that he assumed authority at the dance hall. They seem to have questioned his authority outside the hall. The trouble was in a fair sense at the dance and at a place where Olson could act as an officer. Under the authorities he was a de facto officer. Abbott v. Norman, 134 Ark. 535, 204 S. W. 303; Burkhardt v. State, 83 Tex. Cr. 228, 202 S. W. 513; People v. Cradlebaugh, 24 Cal. App. 489, 141 P. 943; State v. Messervy, 86 S. C. 503, 68 S. E. 766; Barter

v. Mayor, 114 Me. 466, 96 A. 773; 5 Dunnell, Minn. Dig. (2 ed.) § 8012, et seq. The charge of the court to that effect was proper.

2. Effect is given to the acts of de facto officers, for reasons of public policy, in protection of third persons and the general public; and a de facto officer cannot invoke the doctrine in aid of his personal interests. 5 Dunnell, Minn. Dig. (2 ed.) §§ 8013-8014. The defendants urge that since Olson was no more than a de facto officer he cannot claim any rights. And he does not. The prosecution is by the state and not by Olson. One who assaults a de facto officer in resistance of an arrest is as much liable as if the officer were de jure. Brown v. State, 42 Tex. Cr. 417, 60 S. W. 548, 96 A. S. R. 806; Weatherford v. State, 31 Tex. Cr. 530, 21 S. W. 251, 37 A. S. R. 828; Reed v. State, 103 Ark. 391, 147 S. W. 76, Ann. Cas. 1914B, 811.

3. The assault occurred at the close of a dance in the village on October 15, 1927. Defendants asked that the jury be instructed that they might return a verdict of assault in the third degree. Their claim is that the jury might find that there was nothing but a brawl and not an assault in the resistance of an arrest by a public officer. Going over the evidence very carefully, we are of the view that the only offense committed, if any, was an assault of Olson while making an arrest. The jury might have found either way upon this issue, but there was no ground upon which it could find assault in the third degree. The statute definitely makes an assault by one in preventing an arrest, whatever be its nature, an assault in the second degree and not in the third degree. The court was right in denying the requested charge.

Order affirmed.

HILTON, J. took no part.