STATE OF MAINE
WALDO, SS.

SUPERIOR COURT
Docket No. CV 00-011

ROGER NEWCOMB,            )
        Plaintiff,       )
                  )
                  )
        v.            )
                  )
                  )
                  )
DENNIS SHOLES, et al,     )
        Defendant.       )

## FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

STATE OF MAINE
Waldo County Superior Court

JUL 19 2001

REC'D AND FILED
Joyce M. Page, Clerk

At all relevant times both the Plaintiff and the Defendant, Dennis Sholes[1] were residents of Swanville, a small town in Waldo Count of about 1300 people according to the unchallenged statement of the Defendants' attorney. Each of the parties were public officers in the town during portions of the late 20th century. Dennis Sholes continued as an officer thereafter.

The Town of Swanville (hereinafter Town) is a municipality with a three person board of selectpersons who manage its affairs. Several positions, besides theirs, require election. Such offices are Town Clerk, Tax Clerk, Tax Collector, School Board member(s), Planning Board member(s) and Code Enforcement Officer. See Town Charter (Plaintiff's Exhibit #1) Article 14, Part A, §4.04. Under §4.02 thereof the Selectpersons[2] may appoint a Road Commissioner as well as other officers such as constables and the plumbing inspector.

---

1. Dennis Sholes will be treated as the sole defendant although he is also listed as a defendant because of his position, and the Inhabitants of the Town of Swanville (the Town) is also named as a party defendant.

2. They are called Selectmen in the Charter.

The issue here arises from $1500.00 that was appropriated in 1999 for that fiscal year - 1999 and ultimately paid as additional compensation to Dennis Sholes. §2.06 prevents the Town from paying a selectperson unless there is a "competitive bid proposal." The compensation to be paid to Selectpersons is supposed to be fixed at each annual town meeting. See §2.02(a).

Plaintiff's Exhibit #3 is the Town Warrant for the March 14, 2000 Annual Town Meeting. It contained an appropriation for the selectpersons and for a Road Commissioner ($1542.00). A year earlier there had been an article approved allowing payment of $1500.00 for road services. It was a general appropriation on the Road Commissioner line in the warrant. In fact it was never intended to be for the purpose of hiring a road commissioner.

The selectpersons elected at the annual town meeting held their organizational meeting within 24 hours all in accordance with §2.03 of Article II. It is interesting to note that they were required to serve as Overseers of the Poor, Assessors of the Town, and Road Commissioner[3] under the charter. The statute mandates, in default of election of a road commissioner or commissioners by the selectpersons, the selectpersons are to act as a "board of road commissioners" and, in Swanville, the Court finds, that occurred. See 30-A M.R.S.A. § 7(C). But see §7(A)(2).

Mr. Kelly relies on Howard v. Hayworth, 96 A. 769, 114 Me. 413 which adopted the "Doctrine of Incompatibility". Mr. Hahn cites Barter v. City of Rockland, 96 A. 773, 114 Me. 166 (1916) and its distinction between *de facto* and *jure* appointments as controlling.

In this Court's view the analysis of both counsel is overly technical.

---

3. Justice Mead noted the singular in his Order of June 7, 2001. Mr. Hahn made reference to the singular in his brief on page 8 and Mr. Kelly noted it in his motion for Summary Judgment on page 1, § 2.

The fact is that the $1500 in the 1999 warrant and $1542 in 2000[4] was part of an appropriation line in the warrant to the taxpayers of Swanville. As such it dealt with moneys to be spent. It did not thereby implicitly suggests that the Board had committed to hiring a "Road Commissioner" and it did not make Dennis Sholes the Road Commissioner. It simply fixed compensation for that type of service to be rendered to the Town.

The facts relating to the next year's warrant and the debate thereon make clear that the propriety of the appropriation was in question. But that does not make the 1999 action wrong. It again brought the matter before the town meeting for public consideration.

The vote as reported is confusing to say the least. The report states that the "motion was made to move the question duly seconded and so voted to accept the article as written. zero for yes and all votes for no, to delete the money for Rd. Com and for CEO."[5]

From the foregoing it would seem that there was a vote on the motion to close debate so as to vote on an amendment which must have been made to delete from the article the money for the Road Commissioner and the Code Enforcement Officer. The motion to close debate must have passed by the required 2/3 majority. Then, it appears, the motion to amend the article so as to delete the money for the Road Commissioner and the Code Enforcement Officer failed. That left the article as it appeared in the warrant which was, assumably, properly before the meeting by

---

4. Plaintiff's Exhibit #3 is a copy of the Warrant while Plaintiff's Exhibit #4 is a copy of the Minutes of the meeting. It seems it follows the warrant and Article 3 says "To see what compensation the Town will vote . . . . "

5. The vote is surprising in that the movant who sought deletion voted with the majority. It may have been that the movant wanted to seek legal advice, yielded to the majority and "waited for next year." By then litigation had begun. The complaint date and the filing date was the same as the date of the Town Meeting though the action date on the article in question was a week later - March 14th. That is why, on March 14 2000, Mr. Sholes suggested to the Town that no money be appropriated on the "Road Commissioner" line. None was.

motion. Finally, it would appear, the article "as written," that is as it appeared in the warrant was affirmed by a proper vote. This Court finds that all of the foregoing is inferred as a matter of fact from the exhibits and the testimony, and finds that it is what happened.

A return to Howard, supra, and its "Doctrine of Incompatibility" requires little by way of analysis. The Maine Legislature has made it clear that there is no incompatibility between a Road Commissioner and a Selectperson. Since Maine's inception, see Chapter CXVII Laws of Maine, 1820 ". . . any town shall elect Selectmen surveyors of highways," Selectpersons have been responsible for town roads and are still able to act as road commissioners unless they, or the Town, elect a different course. See 30-A M.R.S.A. § 2526(7). See also P.L. 1954, C. 91, § 20: "Selectmen may act as road commissioners". While Howard, supra, deals with incompatible offices, the relation between Selectpersons and Road Commissioners is better shown by State v. McLellan 117 Me. 73, 102 A. 778 (1918) and by the statute itself. McLellan, Id. also stands as authority that this action has no basis in law since the money was paid in accordance with Treasurer's Warrants which were unchallenged.

In this Court's view, nothing has been shown to suggest that a Selectperson cannot be properly compensated when providing the services a "Road Commissioner" does. That is especially true if the selectpersons act as a board of road commissioners or use the Charter to provide that one of them does the tasks. There is little difference in further compensation for that and the difference in compensation for Chair of the Board.

Moreover, the statute provides a remedy for persons like the plaintiff. He can seek to have the Town divide the offices under §2526(7)(A). Assuming such an election, there is a distinction in the offices to which the law applies. See State v. McLellan, Id. Failing in that the Town may arrange for compensation of its designated selectperson in any way which is not deceitful.

It would seem as though the procedure used allowed the voters to decide whether or not to pay the selectperson, here Dennis Sholes, what he felt was reasonable for his services. The Town voters at the Town Meeting were entitled to do that. The sums paid were not "compensation for

employment with the town" §206(a).

In any event the actions of the Town in 1999 do not violate the law. They follow the statutory mandates and Town Meeting requirements. They afforded the citizens of the Town full opportunity to manage the Town's financial affairs.

The Order must be: Judgment for the Defendants on Counts I and II.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).

Dated:   July 19, 2001

FRANCIS C. MARSANO
JUSTICE, SUPERIOR COURT

Date Filed <u>March 9, 2000</u>      <u>WALDO</u>      Docket No. <u>CV-00-011</u>
County

Action <u>Declaratory Judgment</u>

ROGER NEWCOMB

vs.

DENNIS SHOLES, Individually and as Chairman of the Board of Selectment and THE INH. OF THE TOWN OF SWANVILLE

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| William S. Kelly, Esq.<br>96 High Street<br>Belfast, Maine 04915<br>338-2702<br><br>~~Thomas P. Hineman, Esq. co-counsel~~ | Lee K. Bragg, Esq.<br>P.O. Box 5057<br>Augusta, Maine 04332-5057<br>623-1596<br>Joseph J. Hahn, Esq. co counsel |

| Date of Entry | |
|---|---|
| 03/09/00 | Complaint for Declaratory Judgment dtd. March 9, 2000, filed.<br>Summary Sheet, filed.<br>Case file notice to atty. Kelly. |
| 03/22/00 | Summons dtd. March 9, 2000 showing service on Dennis Sholes on March 13, 2000, filed.<br>Summons dtd. March 9, 2000 showing service on Inh. of Town of Swanville on March 13, 2000, filed. |
| 04/04/00 | Answer and Affirmative Defenses dtd. March 31, 2000, filed. |
| 04/04/00 | Scheduling Order filed. Discovery Deadline is December 1, 2000. (Marsano, Notice of entry and copy Order to attys. Kelly and Bragg. |
| 12/15/00 | Statement of Time for Trial with Witness and Exhibit List, filed. |
| 01/04/01 | Amended Witness and Exhibit List with Estimate of Time for Trial, filed. |
| 01/18/01 | Motion for Summary Judgment with Incorporated Memo of Law dtd. Jan. 16, 2001, filed by Plff.<br>Rule 7D Statement of Material Facts, filed.<br>Affidavit of Roger Newcomb, filed.<br>Appendix to motion, filed. Proposed Order, filed. |
| 02/01/01 | Defts' Motion to Enlarge Time to file Dispositive Motions and Respond to Plff's Motion for Summary Judgment until Feb. 28, 2001, filed.<br>Proposed Order, filed. |
| 02/06/01 | Order signed, filed and entered. (Marsano, J.<br>-- it is ORDERED: Defendants' Motion is GRANTED. Defts.' shall respond to Plff's Motion for Summary Judgment and file any dispositive motion on or before Feb. 28, 2001. |
| 02/06/01 | Notice of entry and copy Order to attys. Kelly and Hahn. |
| 02/26/01 | Deft's Response to Plff's Statement of Material Facts dtd. Feb. 23, 2001, filed with exhibits attached. |
| 02/26/01 | Deft's Opposition to Plff's Motion for Summary Judgment dtd. Feb. 23, 2001, filed. |