# M. H. CRANE ET AL.

## v.

# THE CITY OF URBANA.

2   559
60   330

CONTRACT—MUNICIPAL AUTHORITY.—The charter of the city giving to the board of education power to make contracts of the character of the one in suit, and giving such board exclusive control over funds out of which payment must be made, the action should have been brought against the board of education and not against the city. A general judgment against the city could not properly be rendered for a demand payable out of a particular fund over which its municipal officers had no control.

ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. THOMAS J. SMITH and Mr. J. O. CUNNINGHAM, for plaintiffs in error; contending that municipal corporations, like individuals, are liable upon contracts, and that they have all the powers of natural persons as respects their contracts, cited City of Galena v. Corwith, 48 Ill. 423; Seagraves v. Alton, 13 Ill. 373; Maher v. Chicago, 38 Ill. 266; Clayburgh v. Chicago, 25 Ill. 535.

Corporations in executed contracts cannot deny that they had authority to make the contract: Bradley v. Ballard, 55 Ill. 413; Chicago Building Soc. v. Crowell, 65 Ill. 453.

It is not true that a corporation can act only under its corporate seal, by its president and secretary: Board of Education v. Greenebaum et al. 39 Ill. 609; Ill. Cent. R. R. Co. v. Johnson, 40 Ill. 35; Racine & Miss. R. R. Co. v. Farmers L. & T. Co. 49 Ill. 331; Ryan v. Dunlap, 17 Ill. 40.

If a corporation ratifies an unauthorized act, it is liable: 1 Dillon on Municipal Corporations, 478.

Messrs. SOMERS & WRIGHT and Mr. ANDREW T. LEWIS, for defendant in error; arguing that a municipal corporation can only act within the scope of its powers, cited Clark v. School Directors, 78 Ill. 474.

The board of education sustains the same relations to the

public schools as that of the board of directors:   Thomas v. Board of Education, 71 Ill. 283.

The term board of education imports a corporation:   U. S. Express Co. v. Bedbury, 34 Ill. 459.

PER CURIAM.   The contract upon which a recovery is sought in this case was made by plaintiffs with the " Board of Education of the City of Urbana," and after a careful examination of the city charter we are of opinion that no recovery can be had against the city on it.

The remedy is against the Board of Education and not the city.   This board has the power to raise the funds to discharge all proper debts created by it; and should judgments be rendered against it, the courts are clothed with ample power to enforce its payment.   A general judgment against the city could not be properly rendered for a demand payable out of a particular fund, over which its municipal officers have no control.   The 10th article of the charter gives the Board of Education the power to make contracts of this character, and gives it exclusive control of the funds out of which payment must be made.   No good reason is perceived why a suit may not be brought on the written contract; or if that is fully executed on the part of plaintiff, and nothing remains to be done but the payment of the contract price, the common counts are all sufficient.

Upon the whole record the judgment of the court below is right, and must therefore be affirmed.

Judgment affirmed.