Rockingham, }
June, 1895. }

## GROSS v. PORTSMOUTH.

A municipal corporation is not responsible for acts of its servants, or for their negligent performance of acts, which it has no power to authorize.

CASE. To the plaintiff's declaration,— setting forth that the defendants, a municipal corporation, are the owners of a system of water-works, and by pipes laid in the ground conduct water to the dwellings of residents in the city for which they receive compensation, that in laying the pipes in 1894, on Market street, their servants so carelessly and negligently filled the trenches in which the pipes were laid as to form a ridge in the street, making the highway defective and dangerous, and that the plaintiff, while driving on the street, by reason of the ridge, was thrown from her carriage and injured,— the defendants demurred.

*Samuel W. Emery*, for the plaintiff.

*Ernest L. Guptill* and *Calvin Page*, for the defendants.

CARPENTER, J. Unless the defendants are liable at common law the demurrer must be sustained. Laws 1893, c. 59.

Judicial notice may be taken of the act (Laws 1891, c. 209) authorizing the defendants "to issue water bonds, and to manage and control its water supply." *Hall* v. *Brown*, 58 N. H. 93, 95, 96. By its provisions the "immediate management and direction of the water-works" are vested in a board of water commissioners consisting of four persons, of whom the mayor for the time being is *ex officio* one. The three other members of

the board (one of them to hold the office three years, one four years, and the other five years from February 1, 1891) are named in the act. In January, 1894, and each year thereafter, the mayor and aldermen are required to appoint a member of the board to hold the office three years from the first day of the following February. They may "appoint a superintendent of the works and such other agents and servants as they may deem necessary, and may fix their compensation. They may make such rules and regulations for their own government and in relation to all officers and agents appointed by them as they may deem proper. They shall have the control and management of the construction and enlargement of said works, and may make all such contracts and agreements for and on behalf of the city in relation thereto as they may deem proper and advisable, and shall have full charge and control over the said works when enlarged and constructed. They shall establish rates and tolls, and prescribe rules and regulations for the use of water, and may sell and dispose of such articles of personal property connected with said works as they shall deem expedient, and may purchase such property as may be in their judgment necessary for said works and the purposes contemplated by this act." Laws 1891, *c.* 209, *ss.* 4, 5, 6, 8.

The water commissioners are not the city's agents, but an independent board. The city cannot direct or control them in the discharge of their duties. They have exclusive authority to determine where and in what manner water-pipes shall be laid, and to do all other things touching the construction, maintenance, and management of the water-works. For their misfeasance or that of their employees, the defendants are not liable, because they are not the defendants' servants. *Ball* v. *Winchester*, 32 N. H. 435; *Edgerly* v. *Concord*, 62 N. H. 8, 20; *Walcott* v. *Swampscott*, 1 Allen 101; *Morrison* v. *Lawrence*, 98 Mass. 219, 221; *Ham* v. *Mayor*, 70 N. Y. 459.

The defendants have no authority, and can confer none upon their officers and agents, to do any act relating to the construction or management of the works. Their ordinance authorizing or directing their servants to lay water-pipes in Market street or elsewhere, or prescribing the manner of laying them, would be illegal and void. At common law, a municipal corporation is not responsible for the acts of its agents or servants, or for their negligence in the performance of acts, that it has no power to authorize. *Edgerly* v. *Concord*, 62 N. H. 8, 19; *Anthony* v. *Adams*, 1 Met. 284; *Lemon* v. *Newton*, 134 Mass. 476; *McCarthy* v. *Boston*, 135 Mass. 197, 200, 201; *Smith* v. *Rochester*, 76 N. Y. 506; 2 Dill. Mun. Cor., *s.* 766; Cool. Torts 119. Whether the acts of which the plaintiff complains were done by the water commissioners or the defendants' servants, the declaration discloses

no cause of action, and the demurrer must be sustained. The question whether the demurrer might be sustained upon another ground urged by the defendants (Laws 1893, *c.* 59, *s.* 1), is not considered.

*Demurrer sustained.*

All concurred.