Affirmed.

---

ED. LODGORD v. CITY OF EAST GRAND FORKS and Others.[1]

July 24, 1908.

Nos. 15,796—(247).

**Notice of Election.**

In giving a notice of election, the city clerk signed the same as "city recorder," and thus by mistake or inadvertence erroneously designated his official title. *Held*, on the facts stated in the opinion, not fatal to the validity of the election.

Action in the district court for Polk county to enjoin the city of East Grand Forks and its officers from issuing and selling certain municipal bonds. From an order, Watts, J., sustaining defendants' demurrer to the complaint, plaintiff appealed. Affirmed.

*G. A. E. Finlayson,* for appellant.

*H. A. Bronson* and *D. T. Collins,* for respondents.

BROWN, J.

Action to enjoin the city of East Grand Forks and its officers from disposing of municipal bonds claimed to have been issued under authority of law. A general demurrer to the complaint was sustained, and plaintiff appealed.

The complaint states a cause of action for the relief demanded, if the particular point relied upon by plaintiff in support of his action is fatal to the validity of the bonds. The bonds have been issued by the officers of the city, and proceedings looking to their negotiation and sale are sought to be enjoined. The question of their issuance was submitted to a vote of the people of the city, as required by the charter, and was carried by a substantial majority of the popular vote.

Under the original city charter provision was made for the elec-

[1] Reported in 117 N. W. 341.

tion of a "city recorder" (chapter 45, p. 602, Sp. Laws 1887). In 1898 the city reorganized under chapter 8, p. 16, Laws 1895, and ever since has operated thereunder. That statute provides for a "city clerk," instead of a recorder, and the officer is appointed under the new charter by the common council. In giving the notice of election at which the proposition whether the bonds in question should be issued, the city clerk, who had been duly appointed and qualified, signed the same as "city recorder," and herein lies the defect complained of by plaintiff. The election appears to have been in all things properly conducted, and its validity is not called in question, save in the contention that the notice of election, signed as stated, was a nullity, and hence that the election was invalid.

We do not concur in this view. There is no question that the person who signed the notice was in fact city clerk, and authorized and required by law to cause the same to be posted and published for the information of the voters. No question is made that any of the voters were misled or deceived, or that in any other respect the election proceedings were irregular. Upon this state of the facts we hold that the error or inadvertence of the clerk in improperly designating his official title is not fatal to the validity of the election. The duties of the office of city clerk and city recorder under both charters of the city are identical, and only an extremely technical view, in the absence of fraud or irregularity in other respects tending to mislead the voters, will sustain the contention that the notice was a nullity.

The other points made do not require special mention. The facts stated in the complaint do not show an illegal issue of bonds, and the court properly sustained the demurrer thereto.

Order affirmed.