STATE ex rel. A. N. BRIGGS and Others v. JAMES McILRAITH.[1]

January 13, 1911.

No. 16,932—(44).

**Water, light and building commission — act of 1907.**

The water, light, and building commission created by chapter 412, Laws 1907, for cities and villages containing a population of less than ten thousand inhabitants, has exclusive control of the village or city light or water plant, with authority to employ all help necessary to properly operate the same, to audit and allow all accounts for expenses incurred in the department, and to issue in the manner therein prescribed warrants on the treasury therefor.

**Validity of warrants.**

The approval or allowance of such accounts by the city or village council, or the signature of the mayor thereof to the warrants issued by the water commission, is not necessary to the validity of the same.

**De facto clerk of city.**

The city clerk, duly appointed and qualified as such, absconded from the state and abandoned his office. Thereafter the city council appointed a resident of the city "assistant city clerk," who thereafter qualified by taking the required oath, took possession of the office, and performed, with the co-

[1]Reported in 129 N. W. 377.

operation of the city council and acquiescence of the public, all the duties pertaining thereto. It is *held*, though the appointment was unauthorized and irregular, that the person so appointed and acting was during his incumbency of the office de facto city clerk.

**Expenses of water department.**

In the absence of a showing of apportionment by the city council of the current expense fund created by section 88, c. 8, Laws 1895, among the several departments of the city, it is *held* that the expenses of the city water department are payable from the current expense fund.

Upon petition to the district court for Polk county by the members of the Water, Light, Power and Building Commission of the city of East Grand Forks, and Robert Braithewait, the court granted an alternative writ of mandamus directed to James McIlraith, as treasurer of that city, requiring him to pay to said Braithewait a certain warrant for $47.25, which had been issued by said commission and countersigned by the acting city clerk, or show cause why he had not done so. The matter was heard before Watts, J., who made findings and ordered a peremptory writ to issue. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*F. C. Massee* and *A. A. Miller,* for appellant.

*G. A. E. Finlayson* and *Martin O'Brien,* for respondents.

BROWN, J.,

Proceedings in mandamus to compel the treasurer of the city of East Grand Forks to pay a certain order or warrant drawn by the city water, light, and building commission. The trial court ordered judgment for a peremptory writ, and defendant appealed from an order denying a new trial.

The city of East Grand Forks was duly created and organized under the provisions of chapter 8, p. 16, Laws 1895, and contains a population of less than ten thousand inhabitants. On November 22, 1909, the city council thereof duly passed a resolution creating a water, light, and building commission, as authorized by chapter 412, p. 588, Laws 1907. By this resolution that statute became operative and in force in said city. The council duly commissioned relators

Briggs, Craig, and Johnson members of the board so created, and they duly qualified and entered upon the discharge of their duties. They subsequently employed relator Braithewait, and he rendered certain services, work, and labor, in the water and light department, for which the commission duly allowed him the sum of $47.25 A warrant upon the city treasurer was issued for the payment thereof, signed by the president of the commission and by "Geo. K. Chambers, Asst. City Clerk." The respondent, city treasurer, refused to pay the warrant, for the reasons (1) that the claim had never been authorized or allowed by the city council; (2) that it was not signed by the city clerk; (3) that it was not signed by the mayor; and (4) that there was no money in the treasury in the fund upon which it was drawn. The trial court overruled all these objections, and affirmatively found that there was money in the treasury applicable to the payment of the order. The objections are all renewed in this court, the first two of which may be disposed of together.

1. The statute under which the commission was created (chapter 412, Laws 1907) grants to the members thereof "full, absolute, and exclusive control of and power over the water, light, and power plant or plants, and all parts, attachments and appurtenances thereto, * * * [with] power and authority to operate the same, * * * to do any and all things in and about the same * * * [and] to buy all material and employ all help which they deem necessary for a proper and economical operation" thereof. It also authorizes the members of the commission to fix all water and light rates to consumers and patrons, and to audit all claims against the department, and requires the village "recorder or clerk as the case may be, [to] draw his warrant upon the treasurer of said city or village for the amount allowed by said commission;" the same to be "countersigned by the president of the said commission."

There can be but one interpretation of this statute, and the intention of the legislature is clear. The purpose was to create a water and light commission in the class of cities and villages named in the act, and to clothe it with exclusive authority, acting by itself, and independently of the common council, or mayor, to operate, control, and manage a city water and light plant. This authority is expressed

in clear and unambiguous language, and effectually creates a department of village or city government responsible only to the people. No revisory control is vested in the council or mayor, and contracts made by the commission within the limits of the authority granted are as valid and binding as though made by the city or village council. American Electric Co. v. City of Waseca, 102 Minn. 329, 113 N. W. 899.

It was therefore unnecessary that the city council approve or allow the claim involved in the case at bar. It was based upon a contract for services rendered the commission, and the audit and allowance by that body was all that was essential to its validity as a claim against the city. Nor was it necessary that the warrant for the claim be signed by the mayor. The statute does not require his signature; on the contrary, it provides that such warrants shall be signed by the city clerk, who by the statute is made clerk of the commission, and by the president of the commission. The provisions of the city charter upon the subject of the allowance of claims against the municipality and the payment thereof must be deemed, in so far as inconsistent with the statute in question, abrogated or repealed by implication.

2. The warrant was signed by "Geo. K. Chambers, Asst. City Clerk." It is the contention of defendant that Chambers was not authorized to sign the warrant, that he was not the city clerk, de facto or otherwise, and that the warrant was not legally authenticated. The facts in reference to this matter are that one Zimmerman was city clerk, having been duly appointed and qualified as such. On December 9, 1909, Zimmerman absconded from the state and abandoned the office, and ever since then his whereabouts have been unknown. On the sixteenth of December, 1909, the council appointed Chambers "assistant city clerk," and he duly qualified, by taking the oath of office, took possession of the office, and thereafter performed all the duties pertaining thereto.

It is probable that this appointment was unauthorized, and that Chambers did not thereby become a de jure officer. But his entering into possession of the office thereunder, and his continued discharge of

the duties thereof, with the knowledge and co-operation of the city authorities and the public in general, made him a de facto officer, and as such his attestation of the warrant here in question was valid. It is not controlling that he designated his official title as "Assistant City Clerk." He was in possession of the office of city clerk, and discharging the duties thereof under color of appointment and with public assent, and was therefore de facto city clerk. Lodgord v. City of East Grand Forks, 105 Minn. 180, 117 N. W. 341; Fulton v. Town of Andrea, 70 Minn. 445, 73 N. W. 256; 29 Cyc. 1392.

3. We are of the opinion that the trial court was right in holding that the warrant in question was payable from the current fund of the city. Section 88 of the charter (Laws 1895, p. 41, c. 8) provides for a current expense fund, which is made up of all money paid into the treasury not assigned or set apart to some other specially created fund. Out of this fund, the statute provides, shall be paid all the salaries and expenses of the city government and the cost of operating all the departments thereof having no special fund created therefor. No special fund is by the charter created for the water and light department, and all money received from rents, fines, and dues in that department are required by section 91 [p. 42] to be credited to the current expense fund. Other special funds are created, but none for the water plant.

Section 91 does not so provide, but simply requires the accounts of the water department to be separately kept, the last clause of which requires the city council to set apart sufficient of the current expense fund to defray the expenses of the water department. The apportionment or setting apart is required to be made by the terms of section 88 prior to the tax levy and as a guide in the determination of the amount of the levy; and, if it may be said that this constitutes the creation of a separate fund for the use of the departments referred to, we discover no evidence in the record that the apportionment was ever made by the city council. Clearly, in the absence of the apportionment, the expenses of the water department are payable from the current expense fund. What the situation would be if such an ap-

113 M.—16.

portionment of funds had been made and exhausted we need not determine.

Order affirmed.

JAGGARD and SIMPSON, JJ., took no part.