## Fox *v.* City of Bicknell et al.

[No. 24,251. Filed October 26, 1923.]

MUNICIPAL CORPORATIONS.—*Municipal Debt.—Waterworks.—Purchase Price.—Payment of.—Statute.*—An agreement between a waterworks company and a city, pursuant to Acts 1921 p. 205, §8920a *et seq.* Burns' Supp. 1921, whereby the latter is to acquire the plant of the former, to be paid for by bonds payable solely and exclusively from the income and revenue of the plant, such income and revenue to be kept in a separate fund, a portion of which shall be set aside for the operation and

maintenance of the plant, another portion for an adequate depreciation account, and another portion for the payment of the principal and interest of the bonds, the bondholders to have a mortgage lien on the plant till the bonds with interest are paid, does not create a debt within Article 13, §1, of the Constitution limiting municipal indebtedness (*Voss* v. *Waterloo Water Co.* [1904], 163 Ind. 69, explained and criticized.)

From Knox Circuit Court; *Thomas B. Coulter*, Judge.

Action by Lester D. Fox against the city of Bicknell and the officers of said city. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Herman M. Robbins*, for appellant.

*Ezra Mattingly, Stephen E. Myers* and *Horace A. Foncannon*, for appellee.

TOWNSEND, J.—Appellant, a resident taxpayer, sought to enjoin the city of Bicknell from acquiring a water-works plant owned by the Bicknell Water Company. The trial court sustained a demurrer to the complaint. The complaint shows by its allegations that the appellee city is doing and is proposing to do all things with reference to the acquisition of this plant pursuant to chapter 96 of the Acts of 1921, (Acts 1921 p. 205, §8920a *et seq.* Burns' Supp. 1921). This act provides that a municipality may contract to acquire such plant, subject to the approval of the Public Service Commission; that it may be paid for by bonds, payable solely and exclusively from the income and revenue of the plant; that the income and revenue of the plant shall be kept in a separate fund; that a portion of the revenue shall be set aside for the necessary operation and maintenance; another portion for an adequate depreciation account; and another portion for the payment of the principal and interest of the bonds. It also provides that the bondholders shall have a mortgage lien on the plant, which shall remain until the principal and interest are paid.

The sole question presented here is: Does this arrangement for the acquisition of this water works plant constitute a debt within the meaning of Art. 13, §1 of our Constitution? In other words, Is the $80,000 raised by these bonds, which are to be paid from the income of the plant and to be secured by a statutory mortgage on the plant, an indebtedness which affects the taxpayer of the municipality or deprives the municipality of property already acquired and paid for? If it is such an indebtedness, then the municipality, by the allegations of the pleading, is exceeding the constitutional limit of two per cent. It is insisted by appellant that the acquisition of the plant by the method proposed is but a subterfuge to evade our Constitution, and that the case at bar is like *Voss* v. *Waterloo Water Co.* (1904), 163 Ind. 69, 66 L. R. A. 95, 106 Am. Rep. 201, 2 Ann. Cas. 978, and that the principles therein laid down are applicable.

We cannot agree with appellant's contention. The town of Waterloo was the owner of the stock in the corporation, which was a dummy to evade the Constitution. The town also agreed to pay water and light rentals regardless of the reasonable cost of the service. It is true that, in the discussion of principles of law applicable to the Waterloo case, *supra*, this court said some things about payment out of special funds and out of income from property acquired which, if taken apart from the special findings before the court and apart from a careful analysis of the authorities referred to, would sustain the contention of the appellant in the instant case. We have reference particularly to what is said in the paragraph beginning at the bottom of page 85 and ending at the top of page 86 in the Waterloo case, *supra*. At the top of page 86, it will be observed that this court cites *City of Joliet* v. *Alexander* (1902), 194 Ill. 457. An examination of that

case shows that it was brought to restrain the city of Joliet, already in debt to the full constitutional limit and already owning a water-works, from issuing certificates in the sum of $240,000 to obtain money for extensions and improvements to be secured by a mortgage on the plant, and to be payable out of the income. After holding that this created the debt within the Illinois Constitution, the court said, at the bottom of page 463: "What is said relative to mortgaging property owned by the city or pledging its existing income is not intended to apply to a mortgage purely in the nature of a purchase money mortgage, payable wholly out of the income of property purchased or by resort to such property. This is not a case where there is no obligation of the city except the performance of a duty in the creation and management of a fund, and where the water-works, upon paying for themselves, will become the property of the city. The reasoning in *Winston* v. *Spokane*, 41 Pac. Rep. 888, cannot be applied to a case like this, and could only apply to property or a fund which the city never had, where the property is to be paid for by its own earnings without imposing any further liability on the city."

The reasoning in the above quotation is exactly applicable to the case at bar. The Bicknell Water Company is selling its plant to the city of Bicknell, the consideration to be paid by bonds which state upon their face that they are not the obligations of the city but are payable only out of a special fund to be derived from income from the plant. The city is not required to pay more for water for municipal purposes than the service is reasonably worth. There will not be one cent of money derived from taxation going into this fund that would not go into the coffers of the Bicknell Water Company if it continued to operate the plant. The city of Bicknell is not agreeing to pay any money

raised by taxation, and is not pledging or mortgaging any property that it already has; nor is it pledging income or revenues from any source except the plant. Hence, there is no legal or moral obligation on the part of the city to pay, its only duty being to ·manage the plant and take care of the fund. . This being true, the rules laid down in cases like *Quill* v. *City of Indianapolis* (1890), 124 Ind. 292, 23 N. E. 788, 7 L. R. A. 681, regarding special assessments for street improvements, are applicable, so far as the subject of indebtedness is concerned.

The judgment of the trial court is affirmed.