[S. F. No. 15508. In Bank.—December 30, 1935.]

LASSEN MUNICIPAL UTILITY DISTRICT (a Public Corporation), Petitioner, v. PAUL J. HOPPER, as Secretary, etc., Respondent.

Ben V. Curler, Louis Bartlett, Robert L. Shinn, Claude L. Rowe, Coyle E. Bybee, Oran W. Palmer, John Preston King,

Israel Ham, William J. Locke, Alex Webster, Albert Mansfield, Arnold Rumwell, W. D. Tillotson, Louis J. Hardie, Seth Millington, George Wadsworth, Arthur Frame, F. O. Hoover, Charles L. Childers and R. W. Henderson for Petitioner.

Grover C. Julian for Respondent.

J. A. Pardee, Farnsworth, Burke & Maddox, Orrick, Palmer & Dahlquist, W. H. Orrick, George Herrington and W. J. Kenney, as *Amici Curiae* on Behalf of Respondent.

WASTE, C. J.—The petitioning district, a public corporation (*Morrison* v. *Smith Bros., Inc.*, 211 Cal. 36 [293 Pac. 53]), seeks a writ of mandate commanding the respondent, its own secretary, to execute a contract duly authorized by its board of directors. The purpose of the execution of the contract, as ordered by the board, is the acquisition, construction and completion by the district of a power project, the cost of which project will be paid out of the proceeds derived from the sale of bonds which shall be payable solely from the income earned by the property purchased with the proceeds of the loan evidenced by these "revenue bonds". The respondent refuses to execute the contract on the ground that it is illegal and invalid for several reasons, the principal one of which is that there is no legislative sanction or authority for the district to issue such revenue bonds. The decision of this question determines the entire cause. If authority for the proposed action of the district can be found, there appears no legal objection to the issuance of the bonds. That proposition has been definitely and but recently settled in this state. In our examination and consideration of the authorities cited in the case involving the issuance of bonds to be paid solely out of the revenue to be derived from the tolls to be collected from traffic using the bridge across the San Francisco Bay between the cities of San Francisco and Oakland, this court found and held that such bonds, when duly authorized and issued, are legal and binding obligations of the political subdivision or authorized body issuing them. Were that the only question submitted in this proceeding, we might well rest our decision on the authority of the opinion in that case. (*In re California Toll Bridge Authority*, 212 Cal. 298 [298 Pac. 485].)

■ But, as noted, the respondent challenges the legal right of the petitioning district to issue the bonds. In order to determine that question, resort must be had to an examination and analysis of the provisions of the act under which the Lassen Municipal Utility District (petitioner) was created and functions. We must first determine if the proposed contract is valid because the district had power to enter into it. We have carefully studied the various municipal utility district acts cited and relied on by petitioner as giving the district such power. We have examined (1) Statutes 1921, chapter 218; (2) Statutes 1927, chapter 35 and chapter 77; (3) Statutes 1929, chapter 31; (4) Statutes 1931, chapter 69 and chapter 75; (5) Statutes 1933, chapter 924; (6) II Deering's General Laws 1931, Act 6393. The first of these (Stats. 1921, chapter 218) is the general act providing ''for the organization, incorporation and government of municipal utility districts, authorizing such districts to incur bonded indebtedness for the acquisition and construction of works and property, and to levy and collect taxes to pay the principal and interest thereon''. By the terms of that act, the utility district may ''borrow money and incur indebtedness and . . . issue bonds or other evidences of such indebtedness'', on approval ''of a two-thirds vote of the electors voting on the proposition to incur such indebtedness''. The provisions of the act set forth with minute detail the necessary steps in the procedure to be followed in order to bring about a legal and valid issue of the bonds, but we find nothing therein which expressly authorizes the issuance of bonds the principal and interest of which shall be paid solely from the revenue produced by the utility which will be acquired or constructed with the proceeds from the sale of the bonds. Neither do we find any provisions in the act which can be construed to indirectly convey such authority. Therefore, the general provision in the act that the district may ''do all things necessary or convenient to the full exercise of the powers [by the act] granted'' lends no support to petitioner's position.

■ A number of amendments to the act of 1921 have been enacted, but they relate, for the most part, to details of organization and administration of utility districts, and none of them is germane to the question we are here considering. The effective provisions of the original and amendatory acts are found in II Deering's General Laws (1931), Act 6393

(last of the authorities above cited). The provisions in the present statute relating to the power of utility districts to issue bonds remain the same as in the original statute of 1921. They expressly refer only to the issuance of bonds the principal and interest on which shall be paid by the levy and collection of taxes on the real and personal property in the district, authority to do so being unequivocally conferred by the act.

The legislative act creating the California Toll Bridge Authority (Stats. 1929, chap. 763) provides (sec. 5) for "issuance of revenue bonds . . . to provide for the acquisition or construction [of the bridge and other improvements] the payment or redemption of said bonds and the payment of interest thereon [to be] secured only by tolls or other revenues received from the operation of the particular" improvement "for the acquisition or construction of which the bonds were issued". The "short term notes" issued by the board of water and power commissioners of the city of Los Angeles, and the subject of consideration by this court in *Shelton* v. *City of Los Angeles*, 206 Cal. 544 [275 Pac. 421], were authorized, and the commission expressly granted authority to issue them by the provisions of section 224 of the charter of the city. (Stats. 1925, p. 1027, at p. 1098.) In this connection see, also, *Department of Water & Power* v. *Vroman*, 218 Cal. 206 [22 Pac. (2d) 698].

We are convinced that the contract sought to be entered into by the Lassen Municipal Utility District, and which the respondent refuses to execute, relates to a proceeding beyond the power of the district to consummate. Its execution would be an idle act.

It follows, therefore, that demurrer to the petition should be sustained. It is so ordered, the alternative writ of mandate is discharged, and the petition for issuance of a peremptory writ is denied.

Shenk, J., Conrey, J., Thompson, J., Curtis, J., Seawell, J., and Langdon, J., concurred.