# LLOYD W. HUFF v. PHILIP SAUER AND OTHERS.[1]

January 14, 1955.

No. 36,434.

---

[1]Reported in 68 N. W. (2d) 252.

*W. Tarutis,* for appellant.
*Thomas M. Hilligan,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Petitioner, Lloyd W. Huff, brings action against Philip Sauer, W. J. James, and Otto R. Erickson, members of the police civil service commission for the city of Bemidji, and the city of Bemidji, respondents, for a declaratory judgment determining his rights and status under the police civil service commission of Bemidji and nullifying an order of such commission terminating his employment as a city police patrolman.

Respondents moved to dismiss the action on the ground that (1) the court lacked jurisdiction over the subject matter; (2) the petition constituted a collateral attack upon the commission and its officers; and (3) it failed to state a claim upon which relief could be granted. On May 3, 1954, the trial court dismissed the action on the ground that the "petition fails to state a claim upon which relief could be granted," and ordered judgment to such effect. This is an appeal from the judgment.

The evidence disclosed that on June 17, 1933, pursuant to M. S. A. 419.02, the city of Bemidji created a three-member police civil service commission and that respondents Philip Sauer and W. J. James were appointed by the mayor and council of Bemidji to fill vacancies thereon on April 14 and March 31, 1952, respectively. Section 419.02 provides that no member of such a commission "shall, at the time of his appointment or while serving, hold any other office or employment under the city or village, the United States, the State of Minnesota, or any public corporation or political division thereof, other than the office of notary public"; and that "Each commissioner, before entering upon his duties, shall subscribe and file with the

city clerk * * * an oath for the faithful discharge of his duties." It is not disputed that at the time of his appointment respondent Philip Sauer was employed by the state as a professor of English at Bemidji State Teachers College and hence ineligible to serve on the commission. He was unaware of this statutory limitation when he accepted the appointment. It is further conceded that neither he nor respondent W. J. James took or filed the oath prescribed by § 419.02 before entering upon their duties as commissioners.

In November 1952, the commission conducted examinations for a position as patrolman on the police force of the city, and as a result, on January 5, 1953, certified petitioner as eligible for appointment thereto. On April 13, 1953, he was employed in such capacity by the city. On November 2, 1953, before the probationary period fixed by § 419.07 had expired, after a hearing before the commission, his employment was terminated. No appeal was taken from this action under § 419.12, but on April 22, 1954, the present proceedings were commenced.

In substance, petitioner contends that the police civil service commission of Bemidji was without authority to discharge petitioner or otherwise act as an official body because of the failure of two of its members to take and file the required oath of office and because one of such members was employed by the state contrary to § 419.02; and that the trial court therefore erred in ordering dismissal of the present proceedings.

■ The undisputed facts clearly establish that respondents Sauer and James were *de facto* officers of the commission, and under well-established principles, public policy requires that their actions as such be considered valid. State v. Bryant, 174 Minn. 565, 219 N. W. 877; State ex rel. Briggs v. McIlraith, 113 Minn. 237, 129 N. W. 377. General definitions of *de facto* officers include within their terms persons exercising the duties of an office under color of a known appointment or election, who may be ineligible for the position assumed, or who may have failed to perform some prerequisite to their assumption thereof such as the taking of a prescribed oath. United States v. Royer, 268 U. S. 394, 45 S. Ct. 519, 69 L. ed. 1011;

43 Am. Jur., Public Officers, § 471; Rockingham County v. Luten Bridge Co. (4 Cir.) 35 F. (2d) 301, 66 A. L. R. 735; State ex rel. Carlson v. Strunk, 219 Minn. 529, 18 N. W. (2d) 457. While a *de facto* officer may be ousted in proceedings against him for such purpose, until such action has been taken, acts performed under the authority of the office which he holds are valid. Martin v. Common School Dist. No. 3, 163 Minn. 427, 204 N. W. 320.

■ The symbols or circumstances under which the authority of a *de facto* public official are recognized include his holding and possession of a valid office;[2] his performance of its functions under color of authority; his reputation as a public officer; and public acquiescence in his authority, particularly where his assumption of the office is traced to an official but defective election or appointment. State ex rel. County of Hennepin v. Brandt, 225 Minn. 345, 31 N. W. (2d) 5; State ex rel. Tamminen v. City of Eveleth, 189 Minn. 229, 249 N. W. 184, 99 A. L. R. 289; Fulton v. Town of Andrea, 70 Minn. 445, 73 N. W. 256; Oliver v. Jersey City, 63 N. J. L. 634, 44 A. 709, 48 L. R. A. 412, 76 A. S. R. 228; Ekern v. McGovern, 154 Wis. 157, 142 N. W. 595, 46 L.R.A.(N.S.) 796; 43 Am. Jur., Public Officers, § 478.

■ The practical effect of the foregoing principles, which, as indicated, are based on public policy, is to remove any distinction between the acts of a *de facto* officer and a *de jure* officer insofar as the public and third persons are concerned. This, of course, is to afford protection to such members of the public as may have official business to transact. In the instant case, the police civil service commission of Bemidji had been validly created on June 17, 1933, in accordance with the provisions of M. S. A. c. 419, and had functioned as such since that date. The appointments of respondents Sauer and James to fill vacancies therein were made in 1952 under authority vested in the mayor and city council by § 419.02. Thereunder, these respondents assumed and took possession of their respective offices as commissioners and thereafter acted under color of the authority thereof. At all times they were recognized by the

[2]See, The Marckel Co. v. Zitzow, 218 Minn. 305, 15 N. W. (2d) 777.

public and third persons as members of the commission, and no direct proceedings were instituted to oust them therefrom. The present petition for a declaratory judgment was instituted long subsequent to their assumption of office and the performance of their duties as members of the commission. Clearly, the trial court was correct in holding that, under the facts described, their acts, insofar as they related to petitioner, were valid and that the petition hence failed to state a claim.

■ Petitioner asserts that his termination was in conflict with § 197.46, which prohibits removal of veterans from public employment except on notice of written charges and hearing thereon, either by an established civil service board, commission, or merit system authority, or, in the absence of such a board, commission, or authority, by a board of three persons appointed as follows: one by the governmental subdivision involved, one by the veteran, and one by the two so selected. It is not disputed that petitioner was given a hearing by the police civil service commission, but it is contended the ineligibility of respondent Sauer to hold his position thereon and his failure and that of respondent James to take the prescribed oath rendered the commission ineffective to act under § 197.46.

We do not agree with this conclusion. The police civil service commission is a *de jure* commission, created June 17, 1933, and has functioned since that date. The actions of the mayor and council in subsequently filling a vacancy thereon with a person ineligible therefor or the omission of appointees to qualify as commissioners by taking the prescribed oath before assuming their duties did not result in terminating the *de jure* status of the commission, and it was entirely adequate within the provision of § 197.46 to conduct the required hearings for discharged veterans as therein provided. Likewise, as indicated above, the fact that two of its members were *de facto* rather than *de jure* officers did not render either the commission or such members ineffective to act under § 197.46. See authorities under sections 1 and 2 of this opinion.

The judgment is affirmed.

Affirmed.