BOARDMAN, Judge.
The appellee was charged in a two-count information with rape of a female of the age of eleven (11) years or more in violation of Fla.Stat. § 794.011(2), and with kidnapping in violation of Fla.Stat. § 805.-01. He plead not guilty to both charges.
Appellee moved to dismiss the information and to suppress certain tangible evidence obtained from him along with statements he gave to law enforcement officers after he was arrested.
The trial court after hearing granted ap-pellee’s motion to suppress on the sole ground that the deputy sheriff who arrested appellee did not take the oath of a deputy sheriff as prescribed by Fla.Stat. § 30.-09(1). The pertinent part of this statute, provides:
“ . . .no deputy sheriff shall be allowed to perform any services as such deputy until he shall subscribe to the oath now prescribed for sheriffs
The appellee contends here, as he did before the trial court, that his arrest was illegal for the reason that the arresting offi *422 cer failed to take the statutory prescribed oath. The trial court agreed with appel-lee’s contention. We do not and reverse.
The arresting deputy, Thomas J. Lange, was a police officer of the City of St. Pe-tersburg Beach, on duty and in uniform at the time he arrested appellee. The arrest was made outside the geographical boundaries of said city. Lange had been appointed by the Sheriff of Pinellas County under the authority of law,[1] posted the bond prescribed by statute and indeed had previously received his commission as a deputy sheriff. The state concedes that the deputy did not take the oath of office.
After consideration of the record, briefs and oral argument, we are persuaded that Deputy Lange was acting under color of authority as a deputy sheriff at the time he arrested appellee and the fact that he simply failed to take the required oath did not render the arrest illegal. In all other respects the deputy possessed the indicia of the office of deputy sheriff. In our view his acts in arresting appellee are clearly, at the very least, those of a de fac-to officer. See, Sawyer v. State, 1927, 94 Fla. 60, 113 So. 736 citing the case of State v. Gleason, 12 Fla. 190, wherein our Supreme Court held that:
“An officer de facto is one exercising the duties of an office under color of election or appointment and his acts are as valid and binding upon the public or upon third persons as those of an office de jure.”
See, also, rationale of State v. Murphy, Fla.1893, 45 La.Ann. 958, 13 So. 705 and State v. Wiseheart, 1946, 158 Fla. 267, 28 So.2d 589.
The de facto doctrine is firmly established and recognized in the decisional law of the land. For instance, in the case of Powell v. Fidelity & Deposit Company of Maryland, 1932, 45 Ga.App. 88, 163 S.E. 239, involving strikingly similar facts as presented in the instant case, the court held:
“Where one acts as a deputy sheriff with the consent, approval and acquiescence of the sheriff, who holds him out to the public as his deputy, his acts as such deputy .although he was not appointed in writing as required by law and did not take the oath of office required of a deputy sheriff and did not otherwise legally qualify as a deputy sheriff, are acts of a deputy sheriff de facto, and possess the same legality as the acts of a legally appointed deputy sheriff who is an officer de jure.
See, also, Huff v. Sauer, 1955, 243 Minn. 425, 68 N.W.2d 252; De Jan v. De Jan, 5th Cir. 1927, 18 F.2d 690 citing Wright v. United States, 158 U.S. 232, 15 S.Ct. 819, 39 L.Ed. 963, cases upholding the acts of deputy U.S. marshals who had taken the oath of a deputy U.S. marshal.
We do not believe that the legislature of Florida intended that Section 30.-09(1) with reference to the oath be read literally and construed as a mandatory provision. On the contrary, we find the language is to be directory in nature in that it prescribes certain administrative functions to be performed by the sheriff in appointing deputy sheriffs, there being nothing therein contained pertaining to the authority, duties and/or responsibilities of a deputy sheriff. It is the sheriff that is held legally responsible and accountable for the acts and conduct of his deputies. Furthermore, the appellee has not demonstrated prejudice, his only attack being that the deputy who arrested him did not take the prescribed oath. To lend judicial approval and protection to such contention is not consistent with decisional law and well-established principles. To say that a .deputy sheriff clothed with the necessary authority, appointed by the sheriff, cannot make a legal arrest simply because he failed to take the prescribed oath would frustrate *423 and impede the administration of criminal justice.
For the above-stated reasons we hold that the arresting officer was a de facto deputy sheriff and his action in arresting appellee is valid and legal.
Reversed and remanded.
McNULTY, C. j., and SCHEB, J., concur.

. Fla.Stat. § 30.07