HARRIS, Presiding Judge.
' Appellant was arrested for the July 11, 1980, unlawful sale of prohibited beverages contrary to § 28-4-20, Code of Alabama 1975. On August 29, 1980, he was found guilty in District Court. He appealed to Circuit Court for trial de novo. On December 8,1980, appellant was tried and convicted with the jury assessing him a fine of $150.00. Under § 28-4r-21, Code of Alabama 1975, the trial court imposed a six months’ suspended sentence. Throughout the trial and appellate proceedings appellant has been represented by counsel of his choice.
Appellant raises no issue on appeal as to the sufficiency of the State’s evidence. Nevertheless, a thorough review of the State’s evidence leaves no doubt that it presented a prima facie case of illegally selling prohibited beverages and was properly submitted to the jury for its consideration. Therefore, only a narration of the facts is necessary for disposition of this cause.
Franklin County Deputy Sheriff Randy Jones testified that, on June 25, 1980, he and his brother, Alan, were sworn as deputy sheriffs by District Court Judge Joe Gilli-land. Present was Franklin County Sheriff U. R. Jamigan. Around 7:15 p.m., on July 11,1980, he and his brother, Alan, acting in their capacity as deputy sheriffs, drove in his car to appellant’s residence in Franklin County. As they approached they saw appellant standing beside a car containing three or four young white males parked in his driveway. The car left and they pulled into the driveway and began to talk to the appellant. After they conversed for a few minutes appellant asked them what they wanted, to which Deputy Jones replied a six-pack of beer. Appellant left, walked behind his house, and about one minute later returned, carrying a beer box containing six cans of beer. Deputy Jones paid appellant and left. A short distance from appellant’s house, the beer was transferred to the trunk of the car. Later that evening, they labelled the beer for identification and stored it in his brother’s house. On July 21, 1980, they moved it to their office in the Franklin County Jail where they normally kept all their evidence. Deputy Jones stated that only his brother had keys to both locks on their office door. The beer remained in the office until removed for the instant trial. Deputy Jones identified the beer and appellant as the person who sold it. On July 18,1980, they arrested appellant.
Franklin County Deputy Sheriff Alan Jones testified to the July 11, 1980, purchase of the beer from appellant in substantially the same manner as his brother. He identified the contents of the cans as containing beer, and appellant as the person who sold it. The beer was then admitted into evidence. Deputy Jones stated that he and his brother were on the Sheriff’s payroll on June 26,1980. Both did not know of the requirements to file a written oath and bond with the probate judge.
Appellant contends that both deputies were without legal authority to arrest him as they had not complied with § 86-4-5, Code of Alabama 1975. A stipulation of facts was read into the record by appellant’s counsel, which is the same as that in Malone v. State, Ala.Cr.App., 406 So.2d 1060.
Appellant’s contention has been answered adverse to his position in Malone, supra, decided this day.
Appellant raises no other issue on appeal. A thorough review of the record finds nothing prejudicial to his substantial rights. The judgment of conviction is hereby affirmed.
AFFIRMED.
All the Judges concur.