HARRIS, Presiding Judge.
Appellant was arrested for the July 4, 1980, unlawful sale of prohibited beverages contrary to § 28-4-20, Code of Alabama 1975. On August 29, 1980, he was found guilty in District Court. He appealed to Circuit Court for trial de novo. On December 10, 1980, appellant was tried and convicted with the jury assessing him a $200.00 fine. Under § 28-4-21, Code of Alabama 1975, the trial court imposed a six months’ suspended sentence. Throughout the trial and appellate proceedings appellant has been represented by counsel of his choice.
Appellant raises no issue on appeal as to the sufficiency of the State’s evidence. Nevertheless, a thorough review of the State’s evidence leaves no doubt that it presented a prima facie case of illegally selling prohibited beverages and was properly submitted to the jury for its consideration. Therefore, only a narration of the facts is necessary for disposition of this cause.
Franklin County Deputy Sheriff Randy Jones testified that, around 12:05 a. m., on July 4, 1980, he and his brother, Alan, drove in his car to appellant’s residence in Franklin County. His brother exited the car and went to the front door. He subsequently returned carrying a sack containing a six-pack of beer. Later that evening they went to his brother’s house where the beer was marked for identification and stored.
Franklin County Deputy Sheriff Alan Jones testified that, during the early morning hours of July 4, 1980, he went to appellant’s residence with his brother. He knocked on the door and appellant answered, asking what he needed, to which Deputy Jones replied, a six-pack of beer if he had it. Appellant, leaving the door open, affirmatively responded, turned to a nearby cooler, removed a six-pack of beer, placed it in a sack, and returned. He gave the beer to Deputy Jones who paid appellant and left. Later that evening, the beer was marked for identification and stored in his house. On July 21, 1980, it was moved to their office in the Franklin County Jail. Deputy Jones stated that only he had keys to both *1066 locks on their office door. The beer remained in the office until removed for the instant trial. Deputy Jones identified the six-pack of beer as the one sold to him by appellant. He identified its contents as beer. The beer was admitted into evidence.
Appellant contends that both deputies were without legal authority to arrest him as they had not complied with § 36-4-5, Code of Alabama 1975. A stipulation of facts was read into the record by appellant’s counsel, which is the same as that in Malone v. State, Ala.Cr.App., 406 So.2d 1060, (1981).
Appellant’s contention has been answered adverse to his position in Malone, supra, decided this day.
Appellant raises no other issues on appeal. A thorough review of the record find nothing prejudicial to his substantial rights. The judgment of conviction is hereby affirmed.
AFFIRMED.
All the Judges concur.